OSCAR HYBARGER v. STATE.

No. A-1297. Opinion Filed February 3, 1912.

Appeal from Garvin County Court; W. B. M. Mitchell, Judge.

Oscar Hybarger was convicted of violating the prohibitory law, and appeals. Reversed and remanded.

J. S. Garrison and Thompson & Patterson, for plaintiff in error.

PER CURIAM. Plaintiff in error was convicted in the county court of Garvin county at the April, 1911, term, on a charge of selling intoxicating liquor, and his punishment fixed at a fine of fifty dollars and imprisonment in the county jail for a period of thirty days. One of the assignments of error relied upon is as follows:

"The court erred in admitting in evidence, over the objection of the defendant, a certain written memorandum as testified to by witness D. H. Hays, which was not made in the presence of the accused, and which contains a statement of facts purporting to be signed by a third party."

From the record it appears that the county atorney had the prosecuting witness, Hays, identify a certain bottle of whisky, which it was contended was the whisky he purchased from the accused on the 9th of January, 1911, and upon which transaction this prosecution is based. It further appears that the officer had written out a statement, which the prosecuting witness and one Robert Badger had signed, and pasted on the bottle. That this bottle and memorandum were admitted in evidence. The memorandum is as follows:

"We, the undersigned, hereby certify that we bought this bottle of whisky from Oscar Hybarger in the town of Lindsey, Garvin county, Oklahoma, on January 9, 1911, about 8 o'clock p. m. at night. Dave H. Hays. Robert Badger."

Robert Badger was not called as a witness by the state, and did not testify at the trial of this case. It is contended that the admission of this exhibit as evidence had the effect of placing before the jury the testimony of Robert Badger, who was not a witness, who was not sworn, and who did not testify in the case. Only one witness testified for the state, and the defendant and two other witnesses contradicted his testimony. The exhibit, that is, the bottle of whisky, was competent evidence, but the memorandum thereon should not have been permitted to go to the jury. The memorandum tells the jury that

7 Cr.—22

Dave H. Hays and Robert Badger bought the whisky as alleged in the information, which is the gist of the testimony given by the prosecuting witness, Hays. Had this case gone to the jury on a controverted question of fact, without error upon the part of the trial court, we would not feel called upon to disturb the verdict of the jury. But there is no rule known to this court under which this memorandum was entitled to be admitted at the trial of this case. The framers of the Constitution saw fit to provide that a person. on' trial should be entitled to confrontation by the witnesses against him. If the court should uphold the practice permitted in the trial of this case, it would, in effect, declare a rule that would permit a man to be tried and convicted for crime upon the unsworn written statement of any person, which would reduce the enforcement of the criminal law to a joke. Errors of law committed by the trial court do not always presume injury. But not so with a constitutional right, the denial of which always presumes injury. The court should have permitted the introduction of the exhibit, but not the memorandum. The judgment is reversed and the cause remanded with directions to grant a new trial.