## W. R. KEY v. STATE.

No. A-3855.   Opinion Filed Dec. 19, 1922.
(210 Pac. 1044.)

(Syllabus.)

1.  **Evidence—Rule as to Sufficiency of Circumstantial Evidence.—**
    Where, in a criminal case, circumstantial evidence is entirely
    relied upon for conviction, the facts and circumstances must
    not only be consistent with and point to the guilt of the de-
    fendant, but must be inconsistent with his innocence.

2.  **Trial—Failure of Evidence—Directing Verdict for Defendant.—**
    It is the duty of the trial court in a criminal case, where it
    deems the evidence insufficient to warrant a conviction, to
    advise the jury to acquit. Section 2713, Comp. Stats. 1921.

3.  **Intoxicating Liquors—Manufacturing Whisky—Insufficiency of
    Evidence.—**In a prosecution for manufacturing whisky, evidence
    reviewed, and held insufficient to sustain a conviction.

Appeal from County Court, Jefferson County; E. L. Dill-
ard, Judge.

W. R. Key was convicted of unlawfully manufacturing
whisky, and he appeals. Reversed.

Hays Dillard, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty.
Gen., for the State.

DOYLE, P. J. The plaintiff in error was tried and con-
victed on an information charging that he, the said W. R.
Key, did, in Jefferson county, on or about the 20th day of
December, 1919, unlawfully manufacture whisky. The jury
failed to fix the punishment. On the 14th day of August, 1920,
the court sentenced the defendant to be confined in the county
jail for 30 days and to pay a fine of $250 and the costs.

Of the errors assigned we deem it only necessary to con-
sider those that question the sufficiency of the evidence to
sustain the verdict.

W. J. Ballard, sheriff, testified that with Jim Brown and Tom Tartar he went to the defendant's place, seven miles north and two miles west of Waurika, and found a lot of mash in the hogpen, and then they went into the cellar and found a galvanized vessel with some mash in it, and found some bottles with a little quantity of whisky in each one, which they drained out into a jar; that on their way there, about a quarter of a mile from the house, they found a car which had a half-gallon fruit jar full of whisky in it; that the mash was made from "chops."

Jim Brown testified to substantially the same facts, and, further, that "we tracked the car that we found in the road to the gate of the defendant, coming from the north, and stopped at his house going south."

On cross-examination both witnesses stated that there was not any evidence of the use of a fire in the cellar. The vessel was introduced in evidence.

The state rested, and the defendant moved for an acquittal in the form of a demurrer to the evidence, for the reason the same is insufficient to sustain a verdict of guilty, which was overruled, and exception allowed.

For the defense A. Zender testified that his place was across the section line from the defendant; that he often saw that vessel on the Keys premises, first one place and then another, and saw his girls put it on top of four big disks and build a fire under it and cook slop in it to feed the pigs; that the defendant has seven or eight pigs; that he often went across the road and got a drink out of the well when they were doing this, for about six weeks before the arrest, and often saw the defendant feeding it to the pigs; that the stuff in it was "shorts"; that he saw the car that was stuck in the mud on the road the day before the arrest, and Woodie

Stuard and Arthur Harned were in it; they were hunting birds. That in his native country of France he learned how to make wine and whisky, and this vessel was not suitable to make whisky.

Ben Zender testified he lived with his father across the road from the defendant; was at the defendant's place once or twice a week; never did see anybody manufacturing whisky, or any evidence of manufacturing whisky there. That he saw the defendant's daughters use this vessel on the fire place in washing.

In rebuttal the witness Jim Brown was recalled, and against the defendant's objection was permitted to answer three or four hypothetical questions which were not based on the facts in evidence. At the close of the evidence the defendant moved the court to instruct the jury to return a verdict of acquittal, which was overruled, and exception allowed.

It is made the duty of the trial court in a criminal case, where he deems the evidence insufficient to warrant a conviction, to advise the jury to acquit. Section 2713, Comp. Stats. 1921. The facts and circumstances in evidence are wholly circumstantial.

The general rule in criminal cases is, where evidence is circumstantial, the facts shown must not only be consistent with and point to the guilt of the defendant, but must be inconsistent with his innocence. The mere fact that a vessel containing mash was found is insufficient to sustain a verdict finding the defendant guilty on a charge of manufacturing whisky. Carefully considering the competent testimony in the case, we are clearly of the opinion that the verdict is contrary to the evidence, and for this reason the trial court should have sustained the motion of the defendant for acquittal made by the defendant when the state rested.

Because the verdict is contrary to the evidence, and wholly insufficient to sustain a conviction, the judgment is reversed.

MATSON and BESSEY, JJ., concur.