### JOE HAMILTON et al. v. STATE.

No. A-4247.   Opinion Filed Nov. 17, 1923.
(219 Pac. 951.)

Appeal from County Court, Dewey County.

Joe Hamilton and another were convicted of petit larceny, and they appeal. Reversed and remanded.

W. P. Hickok, for plaintiffs in error.

The Attorney General, for the State.

PER CURIAM.   Appeal from judgment of conviction

rendered in county court of Dewey county January 6, 1922. Petition in error with case-made attached filed in this court March 16, 1922. Information charged the theft of one overcoat, the property of Leonard Walker, of the value of $10, alleged to have been committed by plaintiffs in error on November 16, 1921. Each plaintiff in error fined $25 and costs of prosecution. The principal contention is that evidence is insufficient to sustain conviction.

This conviction is based solely on circumstantial evidence, and an examination of the record discloses that the evidence adduced by the state against plaintiffs in error is not sufficient to meet the requirements of the rule that the facts and circumstances proved must not only be consistent with and point to guilt, but that they must be inconsistent with innocence.

The plaintiffs in error were high school students attending a basket ball game at another school in the county, and left their Ford car parked on or near the school grounds; the game was played after dark in the school building, and the overcoat was taken some time during the game. Plaintiffs in error discovered the coat in the car the next morning, and before leaving for their home made inquiry to discover its owner, and gave information that they were in possession of it. Not discovering who the owner was, they took the coat with them, and upon their return to their own school the next day, and while in school, their car was searched, and the coat discovered under the back seat, where they had put it. There is no evidence to connect these plaintiffs in error with the original taking of the coat. The conviction is based upon possession by them the next day. How the coat got into their car the plaintiffs in error do not pretend to know. Whether it was a prank of some one attending the game or the intentional act of an enemy to fasten

this crime on plaintiffs in error may either be inferred from the proof with more certainty than that either of these parties deliberately stole the coat. Certain ill feeling on the part of others attending the game was shown to exist against plaintiffs in error. On the other hand, it is also shown that plaintiffs in error had no use for the coat, as they both had overcoats better than the one alleged to have been stolen. These young men bore good reputations, and had never previously been charged with crime. Their conduct on finding the coat was not such as conclusively to indicate guilt. On the other hand, the preponderance of evidence and the inferences arising therefrom are entirely consistent with innocence, and reasonably explainable on that hypothesis. They should not be branded with the stigma of having committed a crime on circumstantial evidence which, at most, if unexplained, would raise only a suspicion of guilt.

The judgment is reversed as to each plaintiff in error, and the cause remanded to the trial court, with direction to dismiss the cause unless additional proof may be possessed by the prosecuting officers to indicate an unlawful taking of this property by the accused.