## BOB LAXSON v. STATE.

No. A-4713. Opinion Filed March 7, 1925.
Rehearing Denied April 11, 1925.
(233 Pac. 791.)

(Syllabus.)

1. **Appeal and Error—Admitting in Evidence Glass Jars Containing Whisky, Including Labels as Marks of Identification, not Prejudicial Error.** There was no prejudicial error in permitting the introduction in evidence of certain glass jars containing whisky, including the labels thereon, there being no showing made of the words or figures or indentifying marks on such labels, but it appearing that the labels were not admitted as substantive evidence but as marks of identification merely.

2. **Same—Instruction on Link and Chain Theory of Circumstantial Evidence Held Not Prejudicial.** As applied to the facts proven, an instruction on the "link and chain" theory of circumstantial evidence was not prejudicial.

Appeal from County Court, Marshall County; Isaac O. Lewis, Judge.

Box Laxson was convicted of the illegal manufacture of whisky, and he appeals. Affirmed.

Don Welch, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, P. J. This is an appeal from a judgment and sentence imposing a penalty of 30 days' imprisonment and a fine of $100 against plaintiff in error, Bob Laxson, defendant in the trial court. From the evidence contained in the record it appears that certain peace officers found at or near the home of Bob Laxson a considerable quantity of corn whisky in several glass containers; that a large

number of other glass containers were found in which there was a small residue of corn whisky; the officers also found 25 or 30 barrels, some of which contained mash in the process of fermentation and others of which were empty, but in a condition indicating that they had been recently used for the fermentation of mash. At a spring nearby were found a condenser and other appliances such as are used for making whisky, with other evidence indicating that the cooking process had recently been carried on there. Some of the barrels and other appliances were destroyed on the premises; a quantity of the whisky found was put in certain glass jars and labeled for purposes of identification, to be preserved for evidence.

The defendant made no objections to the seizure of the whisky, but did protest that he did not think the officers had a right to break up a man's property that way. The testimony was clear that the officers placed the labels on the vessels containing the whisky obtained in the seizure merely for the purpose of identifying it later; the record does not show what marks, figures, or words were used as marks of identification, but from specific evidence and attendant circumstances, it seems manifest that the jury could not have regarded these labels as substantive evidence, but understood that these were merely marks of identification, therefore not within the rule announced in Hybarger v. State, 7 Okla. Cr. 704, 124 P. 1133.

Even if the labels on these glass jars had been improperly admitted, there was so much other evidence establishing the fact that the liquor contained in the jars was the liquor found and seized on the defendant's premises that the admission of the labels themselves would have been harmless.

The defendant complains that instruction No. 4 was erroneous and prejudicial, for the reason that the court said:

"The law does not require you to be satisfied beyond a reasonable doubt of every link in the chain of circumstances."

The court, after giving a model, instruction on circumstantial evidence, concluded the instruction in the following language:

"However, the law does not require that you should be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish the guilt of the defendant. It is sufficient if, taking all the facts and circumstances together, you are satisfied beyond a reasonable doubt that the defendant is guilty as charged in the information, in which event it would be your duty to find the defendant guilty and to fix his punishment therefor."

The expression, "each link in the chain of circumstances," was an unfortunate figure of speech and, under the evidence in this case, inaccurate. The circumstances developed bore no resemblance to a "chain of circumstances," nor could they be likened to a cable, as has been suggested in some cases. Instead of there being a chain of circumstances, the verdict was supported by a multitude of cumulative circumstances, and it was not necessary that every circumstance shown should be established beyond a reasonable doubt.

The circumstances in this case consisted of a showing that corn whisky was hidden on defendant's place; that a large number of glass jars contained a small residue of whisky in each; that there were a number of vessels and appliances commonly used for making whisky found there; that the physical conditions shown indicated that whisky had recently been made there. The jury might have had some doubt as to some one or more of these circumstances, but yet been convinced beyond a reasonable doubt of the existence of the others, so as to arrive at the conclusion

that the circumstances proved established the guilt of the

accused beyond a reasonable doubt, that they were consistent with each other and inconsistent with any other reasonable hypothesis than that of defendant's guilt. While the "link and chain" theory of circumstantial evidence was condemned in Ex parte Harkins, 7 Okla. Cr. 464, 124 P. 931, and Harris v. State, 10 Okla. Cr. 417, 137 P. 365, 139 P. 846, and this court still adheres to the rule there announced, yet in a case where the evidence bears no similarity to the links of a chain, but instead consists of cumulative circumstances, independent of each other, an instruction on the link and chain theory may be harmless, and under the circumstances in this case, was harmless.

Without going into details, the court has carefully examined the alleged improper remarks of the trial court complained of, and holds that they were not of a serious character amounting to prejudice.

The evidence shows, beyond all reasonable doubt, that the defendant, either as principal or as an aider and abettor, was guilty as charged. The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.