## A. B. COWAN v. STATE.

No. A-5049. Opinion Filed Oct. 30, 1925.
(240 Pac. 660.)

Fred L. Hoyt and John Butler, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

EDWARDS, J. From a conviction in the county court of Dewey county on a charge of manufacturing whisky, the plaintiff in error, hereinafter called defendant, has appealed.

The only assignment of error argued in support of the appeal is that the evidence is insufficient to sustain the verdict. Briefly stated, the evidence is about as follows: Certain officers went to the residence of the defendant, and found parts of a still at different places on his farm, and in a barrel near the hog pen a quantity of mash. No place was found where a still had been set up, and no whisky was found, although some empty jars and kegs were found which smelled like they had had whisky in them. It also appeared in the evidence that the defendant had been apprehended by federal authorities for having possession of the same still, and had pleaded guilty in the federal court, and had been fined $50. The defendant testified in his own behalf that the still was not his, and that he had not manufactured any whisky; that he had been charged in the federal court with having possession of the still in question; and that he was in the federal jail for 3 months and 20 days. He further testified that the mash in question was prepared and used by him for hog feed.

Bearing in mind that the charge against the defendant is for the manufacture of whisky, and not for having

possession of a still, we think the evidence is insufficient to establish the charge. The circumstances raise a very grave suspicion against the defendant, and we are led to surmise that he had either manufactured or was preparing to manufacture whisky. No evidence was offered that in his plea in the federal court he admitted that he had manufactured any whisky. His explanation that the mash found in his possession was hog feed is not satisfactory, since this explanation leads us to the conclusion that mash as feed for hogs is altogether too common in Oklahoma. But upon a careful consideration of all the evidence we find it falls short of establishing the guilt of the defendant to that degree of certainty required in a criminal case. Key v. State, 22 Okla. Cr. 284, 210 P. 1044; Smith et al. v. State, 21 Okla. Cr. 224, 205 P. 1105.

The case is reversed and remanded, with instructions to dismiss.

BESSEY, P. J., and DOYLE, J., concur.