# EARL DOYLE v. STATE.

No. A-............  Opinion Filed September 28, 1929.
(281 Pac. 166.)

C. F. Gowdy and E. S. Bessey, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Earl Doyle, plaintiff in error, hereinafter called defendant, was convicted in the district court of Nowata county of the crime of receiving stolen property, and was sentenced to serve a term of three years' imprisonment in the state penitentiary.

The conviction is asked to be reversed on two grounds: (1) On the ground that the trial court erred in overruling the motion to quash or set aside the information and in refusing to permit the plaintiff in error to introduce evidence in support of said motion; (2) On the ground that the evidence introduced at the trial was insufficient to sustain a conviction.

On the day the case was set for trial, the defendant filed his motion to quash or set aside the information for the reason that there was no competent evidence before the examining magistrate to justify holding the defendant for trial and authorizing the filing of an information in the district court. At the time of filing the motion, defendant attached to the motion a transcript of the evidence taken at the preliminary examination, and asked leave of court to file the motion, which leave was granted by the court. The defendant then asked leave of court to take evidence to show that the transcript attached to his motion was a true and correct transcript of all the evidence taken at the preliminary examination of the defendant. The county attorney objected to the taking of any evidence under the motion for the reason that the two-day notice required by section 2598, C. O. S. 1921, had not been given. The motion of the defendant in no way complies with section 2598, supra; the theory of the defendant evidently being that the taking of evidence to identify the transcript was not the taking of evidence as contemplated by section 2598, supra. To this we agree.

The court should have permitted the defendant to offer evidence identifying the transcript as being a true and correct copy. Since the defendant attached the transcript to his motion and since the court permitted him to file the motion, a transcript of the evidence was before the trial court, and the court should have considered the same. On appeal, the defendant incorporated his motion and the transcript of the evidence in the case-made. An examination of this shows there was sufficient evidence heard by the examining magistrate to support a finding of probable cause against the defendant, and the motion to quash or set aside the information was properly overruled. If an examination of the transcript had revealed that there was no competent evidence showing probable cause, this court would have reversed the case, but, since such transcript does show probable cause, the case will not be reversed for error of the trial court in refusing to permit the defendant to offer evidence identifying the transcript and failure of the court to consider such evidence.

The defendant next contends that the evidence is insufficient to sustain a conviction. The evidence is almost wholly circumstantial.

Stripped of its proper and necessary inferences there could be no conviction in circumstantial evidence, but, as held by this court in Ex parte Jefferies, 7 Okla. Cr. 544, 124 Pac. 924, 41 L. R. A. (N. S.) 749:

"All evidence is largely circumstantial, and evidence, when most direct, depends upon circumstances for its credibility, weight, and effect. In cases depending upon circumstantial evidence, where the circumstances proven are not only consistent with the guilt of a defendant, but are also inconsistent with his innocence, such evidence

in weight and probative force may surpass direct evidence in its effect upon the court or jury."

And in the body of the opinion, the following:

"From these and other reflections we have come to the conclusion that it is a mistake to say that 'circumstantial evidence' is inferior to what is commonly called 'positive and direct testimony'. The truth is that no human testimony is superior to doubt even in cases of the most direct proof. It is always possible that witnesses may err unintentionally or may corruptly falsify their testimony for reasons which are at the time not apparent and not known. If the law required mathematical certainty either as to matters of fact or as to the conclusions drawn by the courts and juries, the enforcement of law would be impossible."

So in this case, as in most larceny and receiving cases, the evidence was necessarily almost entirely circumstantial. Thieves and their confederates do not work in the open. If the state had to rely on direct evidence to prove their guilt, they would all escape just punishment, but fortunately this court has said in no uncertain language that circumstantial evidence is ofttimes more dependable than direct, and that it will be received to prove guilt on the same basis that direct evidence is received, and that its sufficiency will be tested by the same rules that the sufficiency of direct evidence is tested by. Ex parte Harkins, 7 Okla. Cr. 464, 124 Pac. 931; Laxson v. State, 29 Okla. Cr. 335, 233 Pac. 791; Key v. State, 22 Okla. Cr. 284, 210 Pac. 1044; Hamilton v. State, 25 Okla. Cr. 233, 219 Pac. 951.

There being sufficient evidence in the record to support the verdict of the jury, and the errors of law complained of not being fundamental, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.