Raymond Lee WEBBER, a/k/a Alfred Edward Mullen, and Charles Edward NoEar, Appellants,

v.

The STATE of Oklahoma, Appellee.

Nos. F–74–817 and F–74–818.

Court of Criminal Appeals of Oklahoma.

May 12, 1975.

S. Thomas Coleman, Jr., Asst. Public Defender, Tulsa County, for Appellants.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., David K. McCurdy, Legal Intern, for appellee.

OPINION

BRETT, Presiding Judge:

Appellants, Raymond Lee Webber, a/k/a Alfred Edward Mullen, and Charles Ed-

ward NoEar, were charged, tried and convicted of the crime of Burglary in the Second Degree, in Case No. CRF–74–247, of the District Court, Tulsa County. In accordance with the verdict of the jury, Webber was sentenced to serve a term of two (2) years in the State penitentiary, and NoEar, who was charged After Former Conviction of a Felony, was sentenced to serve a term of ten (10) years' imprisonment. This is a consolidated appeal which has been perfected from those convictions.

At the trial, the owner of Frank's Pawnshop, an establishment located in Tulsa, Oklahoma, testified that on the night of January 26, 1974, he was called to his store. He arrived at the store to find the police there and a front display window entirely shattered. He testified that there was blood on the sidewalk outside the window and blood on the display shelves inside. He reported that only two items were missing, a radio and an identification bracelet.

Officer Charles Folks of the Tulsa Police Department testified that when he arrived at Frank's Pawnshop on the night of January 26, 1974, in response to an alarm, he observed blood inside the window on the display shelves and spattered on the sidewalk in front of the window. Noticing that a trail of the blood led away from the pawnshop, Officer Folks and his partner, Officer Higgins, with the help of a flashlight, followed the trail of blood across a parking lot adjacent to the pawnshop to the door of a bar called the Club Arena. The officer testified that there was no blood inside the door but that the trail of blood made a turn and led to the Blue Lounge, a bar located next door to the Club Arena. The officers followed the trail of blood into the Blue Lounge. There they followed the blood stains back into a back room of the bar where they discovered the two defendants. NoEar, the officer testified, was standing in front of a sink washing his hands. Blood remained

on NoEar's hands and was spattered on the floor beneath the sink. The second defendant was standing behind NoEar. Officer Folks testified that Webber had one hand in the pocket of his sport coat. The officer removed that hand and found that it was bloody. Both men had cuts on their hands; NoEar had a very deep laceration on his thumb. At the same time, the officer noticed and retrieved a pair of gloves which were bloodstained and a small bracelet on top of those gloves stuffed under some pipes against the wall of the room.

Officer Higgins' testimony was the same as Officer Folks. Both police officers testified that both defendants were extremely intoxicated at the time of the arrest.

Two witnesses testified on behalf of defendant Webber. One Phyllis Carroll, had been employed by the Club Arena as a manager on the night of January 26, 1974; the other, Jefferey Ray Booker, worked there as a bartender. The essence of their testimony was that on the night and at the time in question the defendant Webber was in the Club Arena, that his hands were not cut, that he was in no way intoxicated, and that the police arrested him inside that bar and not within the Blue Lounge.

In their first proposition of error the defendants argue that their convictions must be reversed because the evidence presented at trial was insufficient to sustain a conviction. We have carefully reviewed the evidence adduced at trial and find that it is sufficient to support the verdict of the jury. Section 1435 of 21 O.S. 1971 of the Oklahoma Statutes defines Burglary in the Second Degree thus:

"Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree."

The pawnshop's owner testified that the display window at the front of his store was entirely broken out, that a radio and a bracelet had been removed from inside the window; that the shelves within the window were spattered with blood; that the items taken had a value of more than $20.00. That testimony is sufficient to establish each element of the crime of burglary in the second degree. See, *Cheatham v. State*, Okl.Cr., 483 P.2d 1172 (1971); *Klinekole v. State*, Okl.Cr., 456 P.2d 623 (1969). Proof of the defendants' guilt of that crime is entirely circumstantial. A criminal case, however, may be proved by circumstantial evidence. *Young v. State*, Okl.Cr., 373 P.2d 273 (1962). In fact, under certain circumstances the probative value of circumstantial evidence may be greater than that of direct evidence. *Doyle v. State*, 44 Okl.Cr. 393, 281 P. 166 (1929). We are of the opinion that the unexplained circumstances proved at trial are consistent with each other and inconsistent with any reasonable hypothesis other than the guilt of these two defendants. The evidence was sufficient to authorize their conviction.

In their second and final proposition of error, the defendants assert that the arrest of each of them was illegal because it was accomplished without probable cause. Because the evidence which led to the arrest in this case is essentially the same evidence as that presented against the men at trial, any question of whether there was reasonable cause to arrest has been disposed of in the first proposition. The circumstances described constitute "reasonable cause" within the meaning of the third paragraph of 22 O.S.1971, § 196. We feel constrained to point out once again that the fact that the original arrest may have been unlawful does not affect the jurisdiction of the court nor preclude the trial of the accused for the offense. *Harrison v. State*, Okl.Cr., 461 P.2d 1007 (1969); *Walters v. State*, Okl.Cr., 403 P.2d 267 (1965); *Allen v. State*, Okl.Cr., 400 P.2d 463 (1965). With regard to defendant Webber, it is urged that the action of the police officer in taking his hand out of his coat constituted an illegal search and that the arrest of Webber was based upon that search. Without commenting on the merit of that view, we note that the question of an illegal search was not raised at the trial and consequently has been waived and is unavailable to be urged on appeal.

For the above and foregoing reasons, we are of the opinion that the judgments and sentences appealed from should be, and hereby are,

Affirmed.

BUSSEY and BLISS, JJ., concur.