**William G. FISCHER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15265.**

Court of Criminal Appeals of Oklahoma.

March 1, 1971.

Rehearing Denied April 30, 1971.

Andrew T. Dalton, Jr., Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max Martin, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

William G. Fischer, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County for the offense of Uttering a Forged Instrument, After Former Conviction of a Felony; his punishment was fixed at a term of ten to thirty years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that on November 18, 1968, the defendant purchased merchandise at a grocery store in Tulsa and presented a $90.00 check signed by Paul Sanner. Two employees of the store identified the defendant as the person cashing the check.

Paul Sanner testified that the check was one of several that had disappeared from his service station. The signature on the check was not his, nor had he given anyone permission to sign such.

Officer Whittle testified that he was working as an off-duty policeman in another store. He observed the defendant and two other subjects shopping in the men's department. The defendant attempted to cash a check at the checkout stand and was directed to the cashier's counter. The defendant presented the check and an identification card to the cashier. The officer who was in plain clothes, was standing nearby and signaled the cashier not to cash the check. The defendant was advised that the store manager would have to okay the check and after nervously waiting for approximately five minutes, the defendant left the store.

The defendant was stopped outside the store by the officer who identified himself and asked if he could see the check and the identification. The defendant was asked if he would accompany the officer while he verified the signature on the check to which the defendant agreed. After telephoning Mr. Sanner, the defendant was placed under arrest. The two companions were subsequently arrested and permission was obtained from defendant Mays to search his automobile. Other Sanner checks and a sack from the grocery store were found.

The defendant did not testify, nor was any evidence presented in his behalf.

■ The defendant's first proposition of error asserts that the Court erred in giving an instruction on "good time credits." This contention is well taken. This Court has previously held that it is error for the trial court to instruct the jury on time credits as provided by 57 O.S.Supp., § 138, but where the instruction is given after a determination of the defendant's guilt, it does not constitute reversible error. Williams v. State, Okl.Cr., 461 P.2d 997.

■ The defendant's next proposition alleges that the trial court erred in denying an evidentiary hearing to determine whether the arrest of the defendant without a warrant was constitutional, and that the trial court further erred in admitting into evidence statements made and fruits of the arrest, absent such hearing. The defendant did not file a Motion to Suppress evidence at the beginning of the trial and did not raise the objection until the third witness, Officer Whittle, testified. On hearing the motion the trial court inquired of the defendant's counsel when the information concerning the arrest was made known. The defendant's counsel advised the court that he had knowledge of the arrest at a subsequent trial. The trial court thereafter ruled that it was too late to wait until the middle of a trial to raise a Motion to Suppress, absent a showing of lack of prior knowledge. (T. 93).

In the case of Thigpen v. State, Okl.Cr., 462 P.2d 270, we cited Shirey v. State, Okl.Cr., 321 P.2d 981, as follows:

" 'An objection to evidence obtained by illegal search and seizure must be interposed at first opportunity and should be made either at beginning of trial by motion to suppress evidence or in course of examination *as soon as it becomes apparent that state will rely thereon,* and defendant failing to make timely objection waives right to be heard on such questions.' (Emphasis ours.)"

We are of the opinion that the trial court properly ruled that the Motion to Suppress was not timely presented.

■ The defendant's next proposition contends that the officer had no probable cause to make the arrest. The evidence reflected that after observing the defendant's actions inside the store, the officer stopped the defendant and requested that he accompany the officer to verify the validity of the check, and he agreed. We do not deem it appropriate to discuss in this opinion the question as to whether the defendant was, in fact, arrested. The record does not reveal that the defendant raised the question of illegal arrest until the middle of the trial.

In Harrison v. State, Okl.Cr., 461 P.2d 1007, we stated:

"In accordance with the authority above set forth, we are of the opinion that the arrest was lawful; however, even had the arrest been illegal, the failure of the defendant to raise this issue prior to entering a plea to the charge on its merits and proceeding to trial, constituted a waiver and therefore may not be urged as a grounds for reversal. This Court has repeatedly held that:

'The fact that an original arrest may have been unlawful does not affect the jurisdiction of the court, nor is it a ground for quashing the information. And it does not preclude trial of the accused for the offense.' "

The defendant's fourth proposition asserts that the search of the automobile was illegal even though made pursuant to an alleged waiver. The record indicates that the car was owned by the defendant's companion, Loren May, and that May signed a waiver of search as to the automobile. The defendant contends that the car was in the common custody, control and possession of both May and the defendant. The record does not support this contention and is completely silent as to any possessory interest the defendant had as to the automobile. We are of the opinion that May had the authority to consent to the search and defendant has no standing to object to such consent.

■ The defendant's fifth proposition in the original brief and supplemental brief, attacks the validity of the former conviction. The defendant first contends that the former conviction is not an offense in the State of Oklahoma. The defendant's former conviction occurred in the State of Colorado in 1957 for the offense of "confidence game." This offense was punishable in that state by a term of not less than one year nor more than twenty years imprisonment and was a felony according to the Colorado Constitution.

At the time of the former conviction, Oklahoma had a similar statute, to-wit: 21 O.S. § 1541. We are of the opinion that the Colorado conviction may be used to enhance punishment under either 21 O.S. Supp.1969, § 51, or 21 O.S.1961, § 54.

■ The defendant next contends that the former conviction was used in another case to enhance punishment and to retry the defendant thereunder violates his rights as to double jeopardy, double prosecution and double punishment. We cannot agree with this contention. The defendant is not being punished for his previous offense, but rather for his persistence in crime. To hold otherwise would defeat the very purpose of the habitual criminal act.

■ The defendant lastly contends under this proposition, that the former con-

viction could not be used to enhance punishment for the reason that he was not represented by counsel at a preliminary hearing. The defendant cites as authority Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387. In that case the United States Supreme Court held that failure to provide counsel at a preliminary hearing unconstitutionally denied the defendant's sixth amendment right to assistance of counsel. The case was remanded for determination of whether or not the denial was harmless error. In the recent case of McCraw v. State, Okl.Cr., 476 P.2d 370, this Court stated:

> "The failure to provide counsel at the preliminary examination on request of an indigent is error which may not require reversal if the Court finds it was harmless error beyond a reasonable doubt, but such error will support modification of the punishment in the interests of substantial justice."

In the instant case the only thing before the Court to indicate that the defendant was not represented by counsel at the preliminary hearing is an affidavit by the defendant stating such, together with an unverified letter from the Colorado authorities stating that the records have been destroyed. There is no showing what prejudice, if any, resulted from the absence of counsel at the preliminary hearing and that it contributed to the defendant's conviction. We further note that the former conviction was appealed and affirmed in Fischer v. People, 138 Colo. 559, 335 P.2d 871. We therefore, find this proposition to be without merit.

■ The defendant's final proposition contends that the punishment is excessive. We are of the opinion that because of the giving of the "good time credit" instruction, that the sentence should be modified to a term of ten (10) years imprisonment, and as so modified, affirmed. Modified and affirmed.

NIX and BRETT, JJ., concur.