Robert Elliot SHEFFIELD, Plaintiff
in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–15866.

Court of Criminal Appeals of Oklahoma.

Sept. 10, 1971.

Curtis A. Parks, Appellate Public De-
fender, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H.
Anderson, Asst. Atty. Gen., for defendant
in error.

BUSSEY, Presiding Judge:

Robert Elliot Sheffield, hereinafter re-
ferred to as defendant, was charged, tried,
and convicted in the District Court of
Tulsa County, Oklahoma of the offense of
Robbery with Firearms. His punishment
was fixed at a term of not less than ten
(10) years, nor more than thirty (30) years
imprisonment, and from said judgment and
sentence, a timely appeal has been perfected
to this Court.

Briefly stated, the evidence at the trial
adduced that Dorothy Jean Cooper was
working for the T. Roy Barnes Pharmacy
No. 3, located at 221 East 46 Street, North,
in Tulsa, Oklahoma. She testified that at
approximately 10:00 o'clock p. m., on July
22, 1969, the defendant, whom she identi-
fied in the court room, handed her a note
which stated, "Give me your class A nar-
cotics, uppers and money." (Tr. 23) Aft-
er being handed the note, she testified that
she handed the note to the pharmacist who
was on duty at that time. She testified that
defendant had very short fingers, which
seemed unusual to her. She testified that
the pharmacist put the drugs in the bag,
and handed it back to the defendant, who
stated: "Where is the money?" They were
then told to lie down on the floor, which
they did. She testified that defendant had
a gun in his hand.

William Dickerson testified that he was
a pharmacist at the same store as the pre-
vious witness. He identified the defend-
ant as the robber, and his testimony was
substantially the same as that of the wit-
ness Cooper.

Officer Beard testified that on the 31st
day of July, 1969, he had the occasion to go
to the 3100 Block of East Fifth Street in
Tulsa, and after knocking on the door of
the residence, the defendant came to the
door. He testified that he placed the de-

fendant under arrest, and conducted a search of the one-room apartment, which was approximately 10 feet by 12 feet in measurement. The search of defendant's room revealed a .22 caliber revolver, and two bottles of capsules. The defendant did not testify, nor was any evidence offered in his behalf.

The sole proposition asserts that the trial court erred in refusing to allow an Evidentiary Hearing outside the presence of the jury with regard to an illegal search and seizure, which resulted in the admission into evidence of the .22 caliber revolver and the cartridges. Although this proposition is improperly before this Court in that the defendant did not support this proposition by both argument and citation of authority, we are of the opinion that the trial court properly refused the defendant's request for an Evidentiary Hearing. The Record reflects that the trial court, in over-ruling the request for an Evidentiary Hearing, took judicial notice of the fact that there was a companion case filed in the District Court of Tulsa County, Oklahoma, No. CRF–69–1207, which involved the identical search and seizure, and was tried by the same attorney. The Court, at that time, stated as follows:

"The same gun was offered in evidence in the other case and was admitted in evidence. Counsel have had an abundance of time within which to have requested an evidentiary hearing and to have filed a motion to suppress and none has been filed in this case and for the first time it was raised when the State put on their last witness in the trial of this case and while the jury was present in open court. I will rule that the motion to suppress is not timely and will be overruled." (Tr. 62)

In the recent case of Fischer v. State, Okl.Cr., 483 P.2d 1162, we cited Shirey v. State, Okl.Cr., 321 P.2d 981 as follows:

" 'An objection to evidence obtained by illegal search and seizure must be interposed at first opportunity and should be made either at beginning of trial by mo-

tion to suppress evidence or in course of examination *as soon as it becomes apparent that state will rely thereon*, and defendant failing to make timely objection waives right to be heard on such questions.' (Emphasis ours.)"

We, therefore, are of the opinion that the trial court properly ruled that the Motion to Suppress and the request for an Evidentiary Hearing was not timely presented.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is, accordingly, affirmed.

BRETT and NIX, JJ., concur.