**Ernest Frank BOWLER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16379.**

Court of Criminal Appeals of Oklahoma.

Oct. 20, 1971.

Rehearing Denied Dec. 30, 1971.

John B. Ogden, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Roy H. Semtner, Municipal Counselor, M. Clyde Faulkner, Asst. Mun. Counselor, for defendant in error.

BUSSEY, Presiding Judge:

Ernest Frank Bowler, hereinafter referred to as defendant, was charged, tried, and convicted in the Oklahoma City Municipal Court of Record of the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor; his punishment was fixed at a fine of $50.00, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the proposition asserted, we do not deem it necessary to recite the statement of facts. Defendant's first proposition asserts that the arrest was illegal. The record reveals that defendant entered a plea of Not Guilty and requested a jury trial. The record further reflects that the defendant failed to make timely objection to the admission of evidence, and the defendant's Demurrer and Motion for Directed Verdict at the conclusion of the State's evidence, failed to question or object to the illegality of the arrest. In the recent case of Fischer v. State, Okl.Cr., 483 P.2d 1162, we stated:

"We do not deem it appropriate to discuss in this opinion the question as to whether the defendant was, in fact, arrested. The record does not reveal that the defendant raised the question of illegal arrest until the middle of the trial. In Harrison v. State, Okl.Cr., 461 P.2d 1007, we stated:

'In accordance with the authority above set forth, we are of the opinion that the arrest was lawful; however, even had the arrest been illegal, the failure of the defendant to raise this issue prior to entering a plea to the charge on its merits and proceeding to trial, constituted a waiver and therefore may not be urged as a grounds for reversal. This Court has repeatedly held that:

"The fact that an original arrest may have been unlawful does not affect the jurisdiction of the court, nor is it a ground for quashing the information. And it does not preclude trial of the accused for the offense." ' "

We, therefore, conclude that the defendant, in failing to object to the introduction of such evidence obtained through an illegal arrest may not, upon appeal, present this question for the first time.

The final proposition asserts that the trial court erred in permitting the introduction of the report of the breathalyzer operator. Defendant cites as authority Hadley v. Ross, Okl.Cr., 154 P.2d 939 (1944). We have examined *Hadley*, supra, and find it distinguishable from the case at bar. In excluding a highway patrolman's report, we stated:

"If the officer who made the report in question had been present at the trial he could not have testified to any of the facts disclosed by the report *because he had no personal knowledge thereof.*" (Emphasis added)

In the instant case, the breathalyzer operator testified that after advising the defendant of his constitutional rights and his rights pertaining to a chemical test for alcoholic influence, that defendant consented to the breathalyzer test. The witness personally administered the breathalyzer test and prepared a written report of the procedures followed and the results that came from such test. The report was not based upon hearsay or dependent upon nondisclosed informants, but rather was a work product of the witness' own endeavors. We, therefore, find this proposition to be without merit.

In conclusion, we observe that the record is free of any error which would justify modification or require reversal. The judgment and sentence is, accordingly,

Affirmed.

BRETT, J., concurs.

NIX, J., not participating.