Ross **WILLIAMS, Vernell, Norris, Jerry Neugent, Johnny Lee Elix and D. L. Dorsey, Appellants,**

v.

The **STATE of Oklahoma, Appellee.**

No. F-77-13.

Court of Criminal Appeals of Oklahoma.

May 27, 1977.

Rehearing Denied June 21, 1977.

John D. Montgomery, Hobart, for appellants.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Duane M. Rasmussen, Legal Intern, for appellee.

OPINION

BUSSEY, Presiding Judge:

Ross Williams, Vernell Norris, Jerry Neugent, Johnny Lee Elix and D. L. Dorsey, hereinafter referred to as defendants, were charged, tried and convicted in the District Court, Kiowa County, Case No. CRF–76–8, for the offense of Burglary in the Second Degree in violation of 21 O.S.1971, § 1435. The jury returned verdicts fixing the punishment of each defendant at seven (7) years' imprisonment and from said judgments and sentences a timely appeal has been perfected to this Court.

At the trial, Donald Simmons testified that he was employed as the manager of the Chickasha Gin at Roosevelt, Kiowa County, Oklahoma; that on the afternoon of February 27, 1976, he left town to watch the Roosevelt team play in a basketball tournament. Upon returning to town that evening he received a call from the Sheriff's office concerning the theft of some posts. The following morning he discovered that sixty (60) posts were missing from one of his buildings. He described the posts as being green with aluminum tops. He further discovered that wire had been removed from the doors of the building where the posts were stored. He testified that defendant Ross Williams was a part-time employee and had helped unload the posts on the morning of February 27th.

Ben Beck testified that on the afternoon of February 27, 1976, he observed a blue, green and white car parked near the Chickasha Cotton Oil Mill property. The car contained five black males. He identified defendants Johnny Lee Elix and Ross Williams as two of the persons in the car. He observed the same vehicle, approximately twenty minutes later, parked by one of the buildings. The doors were open and the five subjects were loading green posts into their car.

Emil Grieser testified that on February 27, 1976, some time after 4:00 p. m., he observed a blue and white car with fence posts in the trunk. Defendants Vernell Norris, D. L. Dorsey, Jimmy Lee Elix and Ross Williams were outside the car. He

reported his observations to the Sheriff's office on a CB radio.

Bobby Phy testified that the five defendants came to his house at approximately 5:00 p. m. on September 27, 1976. Defendant Ross Williams had been by earlier and discussed selling him some posts. He purchased forty-five green posts from the defendants. The posts were subsequently picked up by Sheriff Herb Henderson.

Under-sheriff Anthony Pitt testified that at approximately 4:48 p. m. he received a CB radio call from Emil Grieser concerning a description of a car containing a large load of fence posts. He began searching for the car and observed one that fit its description at 5:20 p. m. Defendant Vernell Norris was driving the car and the four other defendants were passengers.

■ Defendants assert, as their first assignment of error, that their arrest and search and seizure were illegal. We do not deem it necessary to discuss the legality of the arrest. Assuming arguendo, that the same was illegal, the record does not reflect that any evidence was obtained as a result of the arrest. We have previously held that an unlawful arrest does not affect the jurisdiction of the court, nor preclude the trial of an accused for an offense. See *Webber v. State*, Okl.Cr., 545 P.2d 795 (1975); *Harrison v. State*, Okl.Cr., 461 P.2d 1007 (1969); and *Walters v. State*, Okl.Cr., 403 P.2d 267 (1965).

■ The defendants next contend that the trial court erred in denying their Motions for Severance. We observe that although the record does reflect that a Motion for Severance was presented to the trial court, the record does not reflect that a formal Motion was filed. We have previously held that it is incumbent upon a defendant to apprise the trial court of circumstances which would be prejudicial to him as a result of a joinder with a co-defendant. Inasmuch as it cannot be determined from the record as to what factors the trial court was apprised to warrant the sustaining of a Motion for Severance, we cannot find that the trial court abused its discretion in denying the Motion. We have held that errors not predicated on matters appearing in the record are not properly before this Court for consideration. See *Pierce v. State*, Okl. Cr., 495 P.2d 407 (1972).

■ Defendants assert, as their third assignment of error, that the evidence was insufficient to support the verdicts of the jury. The defendants argue that the State failed to prove the necessary element of "breaking and entering." We must respectfully disagree. Donald Simmons testified that the doors of the building were wired together at 11:30 a. m.; he further testified that the doors could not have been opened unless the wires were loosened. He discovered, the following morning, that the wire had been removed from the doors and sixty posts were missing. Ben Beck testified that at approximately 4:30 p. m. he observed the doors of the building open and defendants were loading posts into a car. We thus, conclude that the evidence, although circumstantial, was sufficient to establish the element of breaking and entering. This assignment of error is without merit.

■ Defendants finally contend that the punishments are excessive. Suffice it to say that the punishments imposed are within the range provided by law and although the maximum, it does not shock the conscience of this Court.

For all of the above and foregoing reasons, the judgments and sentences appealed from are accordingly AFFIRMED.

BLISS and BRETT, JJ., concur.