John Lee RAYMER, Appellant,

v.

The CITY OF TULSA, Oklahoma, Appellee.

No. M–78–54.

Court of Criminal Appeals of Oklahoma.

May 23, 1979.

Phil Frazier, Tulsa, for appellant.

Waldo F. Bales, City Atty., Richard J. Kallsnick, Asst. City Atty., Tulsa, for appellee.

## OPINION

BUSSEY, Judge:

John Lee Raymer, hereinafter referred to as defendant, was charged in the Municipal Criminal Court of Record of the City of Tulsa, Oklahoma, with the offense of Soliciting Another to Commit an Act of Prostitution With Himself, in violation of 27 Tulsa, Okla., Rev. Ordinances, ch. 7, § 154, ¶ B. The defendant was tried by a jury, found guilty, and sentenced to serve thirty (30) days in jail (the minimum punishment permissible under the ordinance). From the aforesaid judgment and sentence, a timely appeal has been perfected to this Court.

On the 30th day of July, 1977, a Tulsa Police Officer, Sally Overton, had been assigned to work undercover for the purpose of making prostitution arrests. Officer Overton was assisted by two other Tulsa Policemen, Officers White and Lewis, who were positioned in an abandoned building a short distance from Officer Overton. At approximately 3:30 p. m. on that day, as Officer Overton was standing at or near the street corner posing as a prostitute, the defendant drove up and engaged her in idle conversation. Officer Overton testified that during this conversation the defendant asked if she would like to engage in sexual intercourse, to which she replied in the affirmative. The officer then asked the defendant "how much," to which the defendant replied, "ten dollars." Officer Overton then pointed to a building that she allegedly used as her place of operation. The defendant parked his car and began walking with the officer toward the building. As they approached the building, the defendant was arrested by Officers White and Lewis. Officers White and Lewis testified that they observed the conversation between the defendant and Officer Overton but that they

did not hear who made the solicitation because the radio transmitter wired to Officer Overton was not functioning properly.

The defendant took the stand and testified that it was Officer Overton who made the solicitation by asking if the defendant wanted to make a date, to which the defendant replied in the affirmative.

■ The defendant contends in his first assignment of error that the arrest was illegal. It is well established in Oklahoma that an arrest for a misdemeanor must be on a warrant or for an offense committed or attempted within the presence of the arresting officer. If the arresting officer is unaware of the act constituting the misdemeanor, it is not committed in his presence. See, *Hoppes v. State,* 70 Okl.Cr. 179, 105 P.2d 433 (1940).

■ In the present case, the act constituting the offense was that of soliciting another to engage in prostitution. The evidence is undisputed that the arresting officers, Officers White and Lewis, did not hear the defendant make the solicitation to Officer Overton. We agree with the defendant's contention that the arrest was illegal, however, we are of the opinion that the trial court did not err in denying defendant's motion for a directed verdict at the close of the State's case. As stated in *Stone v. State,* Okl.Cr., 461 P.2d 962 (1969), where no timely objection is made to challenge the legality of arrest prior to the time the defendant enters his plea to the charge, the defendant waives any objection thereto. See also, *Bowler v. State,* Okl.Cr., 491 P.2d 785 (1971), and *Harrison v. State,* Okl.Cr., 461 P.2d 1007 (1969). We have repeatedly held that an unlawful arrest does not affect the jurisdiction of the court, nor does it preclude the trial of an accused for the offense. See, *Williams v. State,* Okl.Cr., 565 P.2d 60 (1977), and *Webber v. State,* Okl.Cr., 545 P.2d 795 (1975).

■ In his second assignment of error, the defendant contends that the trial court erred in not ruling as a matter of law that he was entrapped by Officer Overton. We are of the opinion that this assignment of error is without merit. The testimony of Officer Overton and the defendant were in sharp conflict and presented a question of fact for the jury's determination under an instruction on entrapment. See, *Disheroon v. State,* Okl.Cr., 514 P.2d 685 (1973).

■ We note that the court's instruction on entrapment was extremely favorable to the accused and not in substantial accord with the instructions previously approved by this Court in *Kuerschner v. State,* Okl. Cr., 493 P.2d 1402 (1972).[1] In *Kuerschner,* supra, we stated that the federal instruction on unlawful entrapment found at 27 F.R.D. 39, No. 4.12, clearly stated the law in Oklahoma with regard to entrapment.[2]

1. The trial court's instruction to the jury was as follows:

"The defendant has interposed as a defense to this action the defense of Entrapment. And in this connection, you are instructed that if you believe from the evidence that the officer, through her action, words and attitude and considering the surrounding circumstances, first suggested the commission of the criminal act, or did first lure or induce the accused into the commission of such acts, then and in that event, it will be your duty to hold for the defendant and acquit him.

"However, if you believe from the evidence that the first suggestion for the commission of the crime came from the defendant and that all of the essential acts constituting the crime were done by him and that the officer only provided an opportunity and lent aid in the commission of the offense less than the performing of some essential act constituting

the offense, then, and in that event, the defense of entrapment would not apply."

2. This instruction provides:

"The accused offers the defense of unlawful entrapment as to each crime charged in the [information].

"The law recognizes two kinds of entrapment: unlawful entrapment and lawful entrapment. Where a person has no previous intent or purpose to violate the law, but is induced or persuaded by law enforcement officers to commit a crime, he is entitled to the defense of unlawful entrapment, because the law as a matter of policy forbids a conviction in such a case.

"On the other hand, where a person already has the readiness and willingness to break the law, the mere fact that Government agents provide what appears to be a favorable opportunity is no defense, but is a lawful entrapment. When, for example, the

Applying this instruction to the facts in the instant case, it is clear that the evidence, although conflicting, amply supported the verdict of the jury.

For the foregoing reasons, the judgment and sentence is *AFFIRMED.* Counsel and trial courts' attention are called to the provisions of 22 O.S.1971, § 994.

CORNISH, P. J., concurs.

BRETT, J., dissents.

Government has reasonable grounds for believing that a person is engaged in illicit sale of narcotics, it is not unlawful entrapment for a Government agent to pretend to be someone else and to offer, either directly or through an informer or other decoy, to purchase narcotics from such suspected person. "If then the jury should find from the evidence that, before anything at all occurred respecting the alleged offenses involved in this case, the accused was ready and willing to commit crimes such as those charged in the [information] whenever opportunity was offered, and the Government merely offered the opportunity, the accused is not entitled to the defense of unlawful entrapment.

"If, on the other hand, the jury should find that the accused had no previous intent or purpose to commit any offense of the character here charged, and did so only because he was induced or persuaded by some agent of the Government, then the prosecution has seduced an innocent person, and the defense of unlawful entrapment is a good defense, and the jury should acquit the accused."