Wyatt SAUGSTAD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-80-546.

Court of Criminal Appeals of Oklahoma.

Feb. 23, 1982.

Rehearing Denied April 16, 1982.

Ed McConnell, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Mary McNaughton, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

Wyatt Saugstad was convicted of Unlawful Distribution of a Controlled Dangerous Substance (marijuana).

On March 28, 1978, an undercover police officer, Wright, contacted Keith McMichael and purchased a kilogram of marijuana. After the purchase, the officer asked McMichael about purchasing another one hundred pounds of marijuana. McMichael in-

formed Wright that he would have to contact his connection, Saugstad, about the purchase. Later, McMichael told Wright that Saugstad only had fifty pounds. The officer agreed to purchasing the fifty pounds of marijuana.

On April 24, 1978, Officer Wright arranged the marijuana purchase at McMichael's apartment. Officer Wright and Officer Birdsong met with McMichael and Saugstad that evening. They purchased fifty pounds of marijuana and paid Saugstad five thousand dollars ($5,000). Upon completion of the purchase, the officers arrested both suspects and advised them of their *Miranda* rights.

Saugstad initially argues that the trial court erred during *voir dire* by not removing juror Radebough for cause. Juror Radebough stated that on several occasions he had worked at the Oklahoma City police station repairing electrical equipment. As a result, he was acquainted with several police officers. Defense counsel questioned the juror as to whether this relationship would cause him to possibly give more weight to a police officer's testimony than he would a civilian witness. Radebough replied, "I made the statement before that I thought it probably would, I guess."

The trial court refused to excuse the juror for cause since Juror Radebough had informed the court earlier that he would follow the law even if he disagreed with it. The defendant excused the juror by way of a peremptory challenge.

■ In *Grizzle v. State*, 559 P.2d 474, 479 (Okl.Cr.1977), this Court held that "[w]hether or not a juror is able to serve in an objective, unbiased manner, as the law demands, is necessarily an inquiry within the discretion of the trial court." In this case, we find that the trial court did not abuse its discretion. The trial court very carefully *voir dired* each juror. The trial court found that Juror Radebough did not entertain any opinions about the merits of the case, and would consider only the evidence presented from the witness stand. Furthermore, the appellant was not prejudiced since Juror Radebough was excused through defense counsel's peremptory challenge.

■ Saugstad next contends that as a matter of law the officers were guilty of entrapment. He also asserts that the trial court erred in refusing his requested instruction on entrapment. We disagree on both points. The appellant's requested instruction was clearly an erroneous entrapment instruction.

The trial court instructed:

The law recognizes two kinds of entrapment: unlawful entrapment and lawful entrapment. Where a person has no previous intent or purpose to violate the law, but is induced or persuaded by law enforcement officers to commit a crime, he is entitled to the defense of unlawful entrapment, because the law as a matter of policy forbids a conviction in such a case.

On the other hand, where a person already has the readiness and willingness to break the law, the mere fact that a police officer provides what appears to be a favorable opportunity is no defense, but is a lawful entrapment.

\* \* \* \* \* \* \*

If then the jury should find from the evidence that, before anything at all occurred respecting the alleged offense involved in this case, the defendant was ready and willing to commit a crime such as that charged in the information whenever opportunity was offered, and the police merely offered the opportunity, the defendant is not entitled to the defense of unlawful entrapment.

If, on the other hand, the jury should find that the defendant had no previous intent or purpose to commit any offense of the character here charged, and did so only because he was induced or persuaded by some agent of the police, then the prosecution has seduced an innocent person, and the defense of unlawful entrapment is a good defense, and the jury should acquit the defendant.

The trial court's instruction is identical to the instruction we approved in *Raymer v.*

*City of Tulsa*, 595 P.2d 810 (Okl.Cr.1979). In *Raymer, supra*, we held this instruction to be proper. An entrapment defense consists of two essential elements. First, the police officer must have induced the accused into committing the criminal act. Second, the accused must not have been predisposed to commit the criminal act. *Dupree v. State*, 506 P.2d 974, 976 (Okl.Cr. 1973).

We note that the trial court's instruction defines both lawful and unlawful entrapment. Technically, "lawful entrapment" does not exist under the law. A defendant is either entrapped or not entrapped as a matter of law. However, we do not find that the instruction was so confusing as to prejudice the appellant. In the future, when instructing on the defense of entrapment, trial courts of this state should eliminate this somewhat confusing language of "lawful and unlawful entrapment." *See Garcia v. United States*, 373 F.2d 806 (10th Cir. 1967).

We conclude that the issue of whether the appellant was entrapped, was a fact question for the jury. The jury's determination that Saugstad was predisposed to selling the marijuana is amply supported by the evidence.

The judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

BRETT, P. J., concurs in results.