**Richard Keith LEE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–753.**

Court of Criminal Appeals of Oklahoma.

Dec. 14, 1982.

Charles M. Laster, Shawnee, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert C. Smith, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted in the District Court of Pottawatomie County for Unlawful Delivery of Marihuana, After Former Conviction of a Felony, and sentenced to ten (10) years of imprisonment.

Evidence at trial showed that the appellant sold a bag of marihuana to a police undercover agent. The appellant interposed the defense of entrapment and testified that the undercover agent had repeatedly asked him to sell him drugs throughout the summer despite the appellant's statements that he wanted to stay out of further trouble with the law. This was corroborated by the agent's testimony that he had made such requests as many as ten to fifteen times from late June through August. The testimony of who initiated the actual sale was conflicting. The agent testified that the appellant had approached him; the appellant testified that he had finally given into the agent's demands and agreed to arrange a purchase simply to be rid of him after the agent had once again requested drugs.

The appellant's sole assignment of error is the trial court's failure to allocate the burden of proof when instructing upon the defense of entrapment. This was over the defense's objection and submission of an instruction properly allocating the burden of proof.

The instructions given by the trial court were identical to those approved in *Raymer v. City of Tulsa,* 595 P.2d 810 (Okl.Cr.1979). In that case, however, allocation of the burden of proof in regard to entrapment was not at issue and therefore not addressed by this Court. The State argues that in light of *Raymer* the trial court's instructions were an adequate statement of law. In so far as they generally describe the defense of entrapment that is true; however, contrary to the view expressed in the dissent, reliance on *Raymer* is misplaced for the proposition that the trial court need not specifically allocate to the State the burden to prove the defendant was not entrapped.

Since such question was not addressed in *Raymer,* we do not consider that the opinion expressed on that appeal represents tacitly an overruling of our holding in the leading case of *McInturff v. State,* 554 P.2d 837 (Okl.Cr.1976).

■ In *McInturff,* we held that where the defense of entrapment is fairly raised by the evidence, the burden of proof is upon the State to show beyond a reasonable doubt that the accused was not entrapped and the jury must be so instructed. There, citing *Notaro v. U.S.,* 363 F.2d 169 (9th Cir.1966), we held that "[w]here it is clear from the instruction given that the jury could not have properly allocated the burden of proof to the respective parties, the conviction must be reversed." Such is the case here.

■ Additionally, we observe that the trial court's instruction defined both lawful and unlawful entrapment. In *Saugstad v. State,* 642 P.2d 616 (Okl.Cr.1982), we explained that "[t]echnically, 'lawful entrapment' does not exist under the law. A defendant is either entrapped or not entrapped as a matter of law." We reiterate that Oklahoma trial courts should eliminate the somewhat confusing language of "lawful and unlawful entrapment." For clarification of appropriate jury instructions on the defense of entrapment, we refer to the Oklahoma Uniform Jury Instructions, CR 722, 723, which state:

Where a person has no previous intent or purpose to violate the law, but is induced or persuaded by law enforcement officers to commit a crime, he/she is entitled to the defense of entrapment, because the law as a matter of policy forbids a conviction in such a case.

On the other hand, where a person already has the readiness and willingness to break the law, the mere fact that a police officer provides what appears to be a favorable opportunity is no defense.

If you should find from the evidence that, before anything at all occurred respecting the alleged offense involved in this case, the defendant(s) [was] [were] ready and willing to commit a crime such as that

charged in the information whenever opportunity was offered and the police merely offered the opportunity, the defendant(s) [is] [are] not entitled to the defense of entrapment.

If, on the other hand, you should find that the defendant(s) had no previous intent or purpose to commit any offense of the character here charged, and did so only because he/she was induced or persuaded by some agent of the police, then the government has seduced an innocent person, and the defense of entrapment is a good defense, and you must acquit the defendant(s).

It is the burden of the State to prove beyond a reasonable doubt that no entrapment occurred. If you find that the State has failed to sustain that burden, then the defendant(s) must be found not guilty.

As a final matter we find the State's argument specious that the defense counsel and the prosecutor cured the error when in closing argument they commented that the State had this burden. It is axiomatic that the jury is bound by the instructions as they are delivered by the trial court; not by statements by counsel of what the law is. To rely on counsel to inform the jury of the law, whether correctly stated or not, would amount to an abdication of the trial court's duty and an interference with its judicial function. Moreover, it creates confusion in that it conflicts with the trial court's admonishment that the instructions as delivered contain all of the applicable law.

In accordance with *McInturff*, the judgment and sentence is REVERSED and the case is REMANDED for a new trial.

BRETT, P.J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting:

Although I originally concurred in *McInturff*, supra, I have since reevaluated that decision and wish at this time to repudiate it. I would affirm the conviction; finding the instructions given to be sufficient pursuant to our decision in *Raymer v. City of Tulsa*, supra.