Rickey Darnell **MITCHELL**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F-82-403.

Court of Criminal Appeals of Oklahoma.

Feb. 22, 1983.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted in the District Court of Cleveland County of Robbery with a Firearm, After Former Conviction of a Felony, and was sentenced to twenty (20) years of imprisonment.

At trial the State relied on the victim's identification of the appellant as the robber and the fact that when he was arrested he was in possession of a firearm stolen in the robbery.

■ The appellant's first two assignments of error relate to the in-court identification. The victim who had observed the appellant in broad daylight, although briefly, selected on two occasions the appellant's photograph from an array of photographs in which all participants had similar facial characteristics, hair styles, and hair lengths. Later, at trial she again identified the appellant and was subject to cross-examination on the issue. The appellant asserts that the pre-trial photographic lineups were impermissibly suggestive and thereby tainted the subsequent in-court identification.

Secondly, he argues that the trial court erred when it failed to deliver a cautionary instruction on eyewitness identification. Neither of these issues were raised below. Having failed to move to suppress the identification or to request an *in camera* hearing on the matter, the appellant waived the issue, absent fundamental error. *Parker v. State,* 570 P.2d 342 (Okl.Cr.1977). Our examination of the record on this point convinces us there was no such error.

■ Further by failing to request cautionary instructions, the appellant waived this issue for appellate purposes. Where counsel is not satisfied with the instructions that are given, or desires the court to give a particular instruction, it is the duty of counsel to prepare and present to the court such desired instructions and request that they be given. In the absence of such a request, we will not reverse the case if the instructions generally cover the subject matter of inquiry and there is no fundamental error. *West v. State,* 617 P.2d 1362 (Okl.Cr.1980). We find no fundamental error here, since the record shows that there was a good opportunity for positive identification; the witness was positive in her identification; the identification was not weakened by prior failure to identify; and, the witness remained positive as to the identification, even after cross-examination. Therefore such instructions were not necessary. *Pisano v. State,* 636 P.2d 358 (Okl.Cr.1981).

■ The appellant next complains that State's witness, Officer Kirby, injected an evidentiary harpoon during direct examination. Kirby's response to the State's question of how the appellant had changed his appearance was, "He has grown a beard, since the first time I arrested him." It is clear that the State did not deliberately solicit testimony regarding any prior arrests. We are of the opinion that the trial court's admonishment to the jury to disregard the remark cured any error, as did the defense counsel's further inquiry into the matter, which is discussed below. When the trial court properly admonishes the jury to disregard a remark and the remark objected to does not constitute a fundamental

error, reversal will not lie. *Wiley v. State,* 551 P.2d 1146 (Okl.Cr.1976).

■ The above assignment of error relates to the next proposition that evidence of other crimes was improperly introduced. The appellant argues that the evidentiary harpoon necessitated further inquiry by the defense in order to show that the appellant had been acquitted on the prior charge of unauthorized use of an automobile for which he had been originally arrested. Where the State, acting in good faith, solicits otherwise improper testimony, and the defense counsel afterwards proceeds to equally develop the area of prejudice on cross-examination, the error is waived and/or cured. See *Williams v. State,* 542 P.2d 554 (Okl.Cr.1975), vacated on other grounds 428 U.S. 907, 96 S.Ct. 3218, 49 L.Ed.2d 1215, on remand 554 P.2d 109 (1976). Since, the defense's development of the matter invited further inquiry by the State, we find no reversible error.

The appellant also contends that evidence he was carrying loaded firearms, in violation of 21 O.S.1981, § 1289.13, was improperly introduced. He asserts that the State failed to observe the notice of other crimes requirement as set out in *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979).

■ As stated in *Burks,* supra, the "general rule is that when one is put on trial, one is to be convicted—if at all—by evidence which shows one guilty of the offense charged; and proof that one is guilty of other offenses not connected with that for which one is on trial must be excluded." (Citations omitted). Here one of the guns seized was a fruit of the robbery; the other was, in probability, the instrumentality of the armed robbery. Both primarily went to show the guilt of the accused for the particular offense charged, and for that purpose were not evidence of other crimes under *Burks.* We do not find that the incidental showing that the weapons were loaded at the time of seizure activated the *Burks* notice requirement of other crimes where the guns themselves were part and parcel of the principal crime itself. See *Warner v. State,* 568 P.2d

1284 (Okl.Cr.1977), cert. denied 434 U.S. 999, 98 S.Ct. 641, 54 L.Ed.2d 494; *Cooks v. State,* 560 P.2d 1019 (Okl.Cr.1977).

■ The appellant next cites as error several comments made by the prosecutor during closing argument. None of these were objected to at trial and are raised now for the first time on appeal. We have consistently held that when a defendant fails to object to allegedly improper remarks made by the prosecutor and fails to request the trial court to admonish the jury to disregard the statements, he is deemed to have waived any objection unless the remarks are so fundamentally prejudicial that the court cannot correct them by instructions to the jury. *Tucker v. State,* 620 P.2d 1314 (Okl.Cr.1980). We therefore limit our consideration of the remarks to an examination for fundamental error only, and find none.

The appellant's final assignment does warrant our consideration. During the second stage of the bifurcated proceedings, the trial court rather than instructing that the State had the burden of proving beyond a reasonable doubt the allegations of the After Former Conviction of a Felony charge, gave the following instruction:

You are instructed that if it is shown that the name of this Defendant and the person previously convicted are the same, then the burden is shifted to the Defendant to show that he is not the same person as was previously convicted.

■ We are of the opinion that this instruction impermissibly shifted the burden of proof to the defense on the issue of a prior conviction. While it is true that the identity of names is prima facie evidence of identity of person, and that once this is shown by the State, the *burden of producing evidence* to rebut the prima facie evidence shifts to the defense; the *burden of proof* remains on the State, regardless of whether the defense produces any evidence whatsoever. See *Welliver v. State,* 620 P.2d 438 (Okl.Cr.1980); *Conner v. State,* 518 P.2d 1271 (Okl.Cr.1974).

The concepts of burden of proof and burden of producing evidence are notably different:

> There is a distinction between the burden of proof and the burden of going forward with the evidence. Generally, the burden of proof upon the affirmative of a fact in issue does not shift, but the burden of going forward with the evidence may shift from one side to the other according to the evidence offered. Thus, if the prosecution has offered evidence which, if believed by the jury, would convince it of the defendant's guilt beyond a reasonable doubt, the defendant is in a position where he should go forward with countervailing evidence. But he is not required to do so even though a prima facie case has been established, for the jury must still find that he is guilty beyond a reasonable doubt before it can convict. [Footnotes omitted]. *Wharton's Criminal Evidence* § 13 (13th ed. 1972).

It would be unreasonable to assume that the jury construed the instruction given to mean anything other than that the defense had the burden of proof. In a prosecution where enhanced punishment for a subsequent offense is sought, the burden is on the State to prove the prior conviction beyond a reasonable doubt. *Johnson v. State,* 79 Okl.Cr. 71, 151 P.2d 801 (1944). A correct instruction on the burden of proof is a fundamental requirement.[1] In the case of *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), the Supreme Court held that the Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." 397 U.S., at 364, 90 S.Ct., at 1072. Later in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the *Winship* doctrine was characterized as a "fundamental . . . substantive constitutional standard." 443 U.S. at 317, 99 S.Ct. at 2788. Because of the improper instruction we therefore find that the sentence imposed must be reduced from the enhanced penalty of a term of twenty (20) years to a term of ten (10) years, which is within the range of punishment for the offense without a finding of After Former Conviction of a Felony.

Therefore the judgment is AFFIRMED, except as to the conviction of After Former Conviction of a Felony, and the sentence is MODIFIED to ten (10) years' imprisonment.

BRETT, J., concurs.

BUSSEY, P.J., concurs in part and dissents in part.

BUSSEY, Presiding Judge, concurring in part and dissenting in part:

While I agree that the conviction should be affirmed, I dissent to the modification of the sentence.

---

1. The argument that any error was cured by counsels' statements that the State had the burden of proof fails for two reasons: first, the jury is bound by the instructions as they are delivered by the trial court, not by statements by counsel of what the law is, *Lee v. State,* 655 P.2d 1046, 1982; and secondly, the instruction given explicitly *shifted* the burden to the defense, which would negate the argument the error was cured by counsels' statements.