**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERALD LEECH,

  Petitioner-Appellant,

v.

REGINALD HINES,

  Respondent-Appellee.

No. 05-6120
(D.C. No. CIV-04-0306-T)
(W.D. Okla.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Before **BRISCOE** , **LUCERO** , and **MURPHY** , Circuit Judges.

Jerald Leech, a state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by the district court, we **DENY** a COA and **DISMISS**.

After buying more than an ounce of methamphetamine from a police informant as part of a sting operation, and telling the informant that he was going to sell the drugs, Leech was arrested for Trafficking in a Controlled Dangerous Substance in violation of Okla. stat. tit. 63, § 2-415. He was convicted and sentenced to twenty years imprisonment.

Leech filed a direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). He claimed the police engaged in sentencing entrapment by having an informant give him enough methamphetamine for a trafficking conviction and that the trial court committed reversible error when it failed to instruct on the lesser offense of possession. The appeal did not claim ineffective assistance of trial counsel. The OCCA rejected his appeal, but reduced his sentence to ten years imprisonment. Leech v. State, 66 P. 3d 987 (Okla. Crim. App. 2003)

In an application for post-conviction relief filed in state court, Leech claimed that he should have been given the opportunity to present the defense of sentencing entrapment to the jury, that he was denied effective assistance of trial counsel because his lawyer failed to present sentencing entrapment evidence to the jury, and that he was denied effective assistance of appellate counsel because his appellate counsel failed to raise the issue of ineffective assistance of trial counsel on direct appeal. His application was rejected, but the Oklahoma courts failed to address the ineffective assistance of appellate counsel claim.

Leech then brought a petition for habeas corpus under 28 U.S.C. § 2254. The district court denied his petition and Leech's subsequent application for a COA. Leech now seeks a COA from this court and presents the same arguments

2

he presented to the district court.[1]

A habeas petitioner is not entitled to relief if his claim has been adjudicated on the merits by a state court unless that state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). If the state court did not adjudicate a petitioner's claim on the merits, "we review questions of law de novo and questions of fact for clear error." Cook v. McKune, 323 F.3d 825, 830 (10th Cir. 2003).

In his habeas petition, Leech claims that his right to present a defense under the Due Process Clause of the Fourteenth Amendment was denied because

---

[1]Leech's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Leech to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Leech a COA, he may not appeal the district court's decision absent a grant of COA by this court.

the defense of sentencing entrapment was not presented to the jury. Further, he claims that he was in fact entrapped into buying the methamphetamine. He also claims that he was denied effective assistance of both trial and appellate counsel.

Leech's Fourteenth Amendment rights were not violated. Under Oklahoma law, when "the defense of entrapment is fairly raised by the evidence, the burden of proof is upon the State to show beyond a reasonable doubt that the accused was not entrapped and the jury must be so instructed." Lee v. State, 655 P.2d 1046, 1047 (Okla. Crim. App. 1982). This rule covers sentencing entrapment. Leech, 66 P.3d at 990. Although it is settled law that defendants have no constitutional right to present the defense of entrapment, United States v. Russell, 411 U.S. 423, 433 (1973), this Circuit has not made clear whether the failure of a state court to issue a jury instruction for entrapment when proper under state law is a violation of the Due Process Clause of the Fourteenth Amendment that can be raised as part of a habeas petition. See Vega v. Suthers, 195 F.3d 573, 583 (10th Cir. 1999) (declining to reach "that distinct and possibly more troubling question."). The Ninth Circuit has held that a failure to grant an instruction for entrapment when justified under state law can violate the Fourteenth Amendment. Bradley v. Duncan, 315 F.3d 1091, 1099 (9th Cir. 2002).

We need not reach this issue because a state court, the OCCA, considered the evidence and held that Leech was not entitled to a jury instruction about

4

sentencing entrapment. The OCCA held that there was not enough evidence to warrant a jury instruction on either of the elements of sentencing entrapment. Leech, 66 P.3d at 990 ("[I]f requested, the instruction would have properly been refused as not being supported by any evidence"). Given the lack of evidence in the record of either of the elements of sentencing entrapment, this determination was not an "unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). As such, Leech fails to raise a cognizable federal habeas corpus claim for violation of the Fourteenth Amendment.

Leech also claims that he was in fact entrapped into buying enough methamphetamine to warrant a trafficking conviction. The OCCA considered and rejected this argument. Leech, 66 P.3d at 990 ("There is no evidence of entrapment in the record."). Habeas relief is not appropriate because that decision does not violate federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Finally, Leech raises two ineffective assistance of counsel claims. The first is that his trial counsel failed to raise the sentencing entrapment defense. In denying Leech's motion for post-conviction relief, the OCCA examined the issue and found that this claim was barred on procedural grounds. Leech also claims that the failure to allege ineffective assistance of trial counsel on direct appeal rendered appellate counsel's representation ineffective. The OCCA did not

5

review this argument, so we review the questions of law de novo and questions of fact for clear error. Cook, 323 F.3d at 830.

The two inquiries are bound up in one. All ineffective assistance of counsel claims must meet the test announced by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-91 (1984), which requires habeas petitioners to show constitutionally deficient performance by demonstrating that counsel's conduct was objectively unreasonable and resulted in prejudice by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." For a petitioner to prove constitutionally deficient performance of appellate counsel, a petitioner must show either that the issue that was not appealed is "so plainly meritorious that it would have been unreasonable to winnow it from even a strong appeal" or that, when considered in the context of the rest of the appeal and with deference given to the professional judgment of the attorney, it was unreasonable not to appeal that issue. Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003). "[I]f the issue is meritless, its omission will not constitute deficient performance." Id.

In this case, appellate counsel did not err in failing to press the ineffective assistance of trial counsel claim because it is meritless. Leech argues that his trial counsel was deficient because he did not call Leech to the stand, did not conduct a proper investigation, and did not argue that a police videotape of the

6

transaction provided exculpatory evidence. None of these arguments are availing. Counsel attempted to establish the sentencing entrapment claim through cross-examination and in his closing statement. Leech was informed of his right to testify. There is nothing in the record, and nothing alleged, indicating that there was evidence that Leech's counsel missed because of a lack of thoroughness. Leech's allegations that his trial counsel was ineffective do not come close to meeting the rigorous standard for constitutionally deficient performance set forth in Strickland. Because Leech's ineffective assistance of trial counsel claim is meritless, his appellate counsel was not ineffective for failing to press this argument on appeal.

For the reasons set forth above, Leech's request for a COA is **DENIED** and the appeal is **DISMISSED.** Leech's motion to proceed in forma pauperis is granted.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge
