**STATE of Oklahoma, ex rel. Robert H. MACY, District Attorney of Oklahoma County, Petitioner,**

v.

**Honorable Charles L. OWENS, District Judge of Oklahoma County, Respondent.**

No. 0–85–360.

Court of Criminal Appeals of Oklahoma.

Dec. 23, 1985.

Publication Ordered April 10, 1986.

Richard Wintory, Asst. Dist. Atty., for State.

Bob G. Carpenter for respondent.

## ORDER ASSUMING ORIGINAL JURISDICTION AND GRANTING PETITION FOR WRIT OF MANDAMUS

On April 4, 1985, Michael Alan Carmody entered a plea of guilty to the offense of Distribution of a Controlled Dangerous Substance (Marijuana) in the District Court of Oklahoma County, Case No. CRF–85–0765. The respondent set sentencing for June 4, 1985, and ordered a presentence investigation and report. The presentence report brought to light that Carmody was charged with Unlawful Possession of Marijuana in 1972, but according to statements of both parties, he had received an successfully served a one year deferred sentence, and the charge was dismissed. When respondent announced his intention to grant Carmody a suspended sentence on the instant charge, the State objected, claiming that Carmody's deferred sentence in the previous case disentitled him to a suspended sentence. The State cited 63 O.S. 1981, §§ 2–401(B)(2), 2–412 as authority. The respondent explained that the successful completion of the deferred sentence had not resulted in a conviction under section 2–401(B)(2), and therefore, Carmody was eligible for a suspended sentence, which the Court ultimately imposed.

The State, by and through Richard Wintory, Assistant District Attorney, brought this action requesting a writ of mandamus directing the respondent to vacate the suspended sentence, and incarcerate Carmody in the State Penitentiary. A response to this petition has been filed by Bob G. Carpenter, Esq., on behalf of the respondent. We assume original jurisdiction to settle this apparent question of first impression. The petitioner argues, and respondent concedes, that the terms of 63 O.S. 1981, § 2–401(B)(1) generally govern an accused person's eligibility to receive a suspended sentence. Section 2–401(B)(1) provides:

B. Any person who violates this section with respect to:

1. A substance classified in Schedule I or II which is a narcotic drug or lysergic acid diethylamide (LSD) shall, upon conviction, be guilty of a felony and shall be sentenced to a term of imprisonment for not less than five (5) years nor more than twenty (20) years and a fine of not more than Twenty Thousand Dollars ($20,000.00). *Such sentence shall not be*

*subject to statutory provisions for suspended sentences, deferred sentences or probation except where the conviction is for a first offense.* (Emphasis added).

Petitioner also cites as authority 63 O.S. 1981, § 2–412, which reads:

An offense shall be considered a second or subsequent offense under this act, if prior to his conviction of the offense, the offender has at any time been convicted of an offense or offenses under this act, under any statute of the United States, or of any state relating to narcotic drugs, marijuana, depressant, stimulant, or hallucinogenic drugs, as defined by this act.

Both petitioner and respondent support their respective positions by citing 63 O.S. 1981, § 2–410 as authority. This statute states:

Whenever any person who has not previously been convicted of any offense under this act or under any statute of the United States or of any state relating to narcotic drugs, marihuana, or stimulant, depressant, or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a controlled dangerous substance under Section 2–402, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as it may require including the requirement that such person cooperate in a treatment and rehabilitation program of a state-supported or state-approved facility, if available. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime. Discharge and dismissal under

this section may occur only once with respect to any person.

Any expunged arrest or conviction shall not thereafter be regarded as an arrest or conviction for purposes of employment, civil rights, or any statute, regulation, license, questionnaire or any other public or private purpose; provided, that, any such plea of guilty or finding of guilt shall constitute a conviction of the offense for the purpose of this act or any other criminal statute under which the existence of a prior conviction is relevant.

Respondent argues that, under section 2–410, the successful completion of a deferred sentence "shall not be deemed a conviction for purposes of this section," and therefore, section 2–401(B)(2) is not applicable to petitioner's case. Petitioner argues that the second paragraph of section 2–410 renders the imposition of a deferred sentence, upon "any such plea of guilty or finding of guilt," a conviction for purposes of the act.

This statute has rightly been called one with "twisted contradictions." *Hefner v. State,* 542 P.2d 527, 532 (Okl.Cr.1975) (Brett, J., dissenting). The statute establishes that "[u]pon fulfillment of the terms and conditions [of a deferred sentence] the court shall discharge such persons and dismiss the proceedings against him. Discharge and dismissal under this section ... shall not be deemed a conviction for purposes of this section ..." On the other hand, the statute also establishes "[a]ny expunged arrest or conviction" on a plea or finding of guilty "shall constitute a conviction of the offense for the purpose of this act or any other criminal statute under which the existence of a prior conviction is relevant."

However, it is apparent to this Court that the Legislature intended to render ineligible for a suspended sentence any person who had previously received a deferred sentence for a drug offense. We reach this conclusion by a careful reading of the Uniform Controlled Substance Act (U.L.A.), § 407, which served as a model for section

2–410. The Uniform Act also states that "[d]ischarge and dismissal" under a deferred sentence "is not a conviction for purposes of this Section," but the Uniform Act also adds the following language, "or for purposes of disqualification or disabilities imposed by law upon conviction of a crime, *including additional penalties imposed for second or subsequent convictions....*" Furthermore, our Legislature added the language contained in the second paragraph of section 2–410, which makes a plea of guilty or finding of guilt constitute a conviction of the offense "for the purpose of this act or any other criminal statute *under which the existence of a prior conviction is relevant.*" (Emphasis added).

We believe the above-reasoning reveals that the Legislature intended to disentitle a person who previously pled guilty, or was adjudicated guilty of a drug related offense from being eligible for a suspended sentence, regardless of whether the judgment and sentence was deferred. *Cf. Hefner v. State*, 542 P.2d 527 (Okl.Cr.1975) (a deferred sentence ... "may be considered a prior conviction for purposes of the Uniform Controlled Dangerous Substance Act ... or other criminal statutes [if] ... sentence aris[es] out of a plea of guilty of a finding of guilt in a criminal action brought under § 2–402 of said Act.") We accordingly hold that the respondent erred in granting Carmody a suspended sentence.

**IT IS THEREFORE THE ORDER OF THIS COURT** that the respondent judge vacate the judgment and sentence imposed upon the respondent, Michael Alan Carmody, in Oklahoma County District Court, Case No. CRF–85–0765, and that the respondent resentence the said Michael Alan Carmody in accordance with Oklahoma law, as explained in this Order.

**IT IS SO ORDERED.**

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 23rd day of December, 1985.

ED PARKS, P.J.
HEZ BUSSEY, J.
TOM BRETT, J. dissents