2008 OK CR 20

**Robert Todd PLATT, Appellant**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–2007–958.**

Court of Criminal Appeals of Oklahoma.

June 18, 2008.

W. Mark Hixson, attorney at law, Yukon, OK, attorney for defendant at trial and appeal.

Paul Hesse, Assistant District Attorney, El Reno, OK, attorney for the State at trial.

W.A. Drew Edmondson, Attorney General of Oklahoma, Jay Schniederjan, Assistant At-

torney General, Oklahoma City, OK, attorneys for appellee on appeal.

## OPINION

CHAPEL, Judge.

¶ 1 Robert Todd Platt was tried in a bench trial, before the Honorable Jack D. McCurdy, II, and convicted of Unlawful Possession of a Firearm, under 21 O.S.Supp.2005, § 1283, in Canadian County District Court, Case No. CF–2007–46. The Honorable Jack D. McCurdy, II, sentenced Platt to imprisonment for five (5) years, but suspended all but the first ninety (90) days of this sentence.[1] Platt appeals his conviction.

¶ 2 In his single proposition of error, Platt argues that it was improper to charge and convict him of Unlawful Possession of a Firearm because this crime requires a prior felony conviction, and he had no prior felony convictions at the time he was charged. The facts of this case are not in dispute. In fact, the case was "tried" on a Joint Stipulation of Facts, which was signed by Platt, defense counsel, and the assistant district attorney on September, 19, 2007, and filed in the district court on September 20, 2007. The agreed-upon facts are as follows.

¶ 3 On October 24, 2006, Platt was involved in a single vehicle accident while riding his motorcycle near the intersection of Northwest 10th Street and State Highway 4 in Oklahoma City, Canadian County. Emergency medical workers were called to the scene and removed Platt's jacket as they were treating him. While removing this jacket, a paramedic discovered a loaded .32 caliber revolver pistol in the pocket of the

jacket. The paramedic turned the gun over to an Oklahoma City Police Officer, and Platt admitted that the jacket belonged to him.

¶ 4 One year earlier, on November 1, 2005, while represented by counsel, Platt entered a guilty plea in Oklahoma County District Court, Case No. CF–2005–3550, to the felony of Unlawful Possession of CDS (methamphetamine), under 63 O.S.Supp.2004, § 2–402. The plea was accepted by the Honorable Carol Ann Hubbard, who then deferred sentencing in the case for a period of five (5) years.

¶ 5 The parties agree that this case turns entirely upon a pure question of law. Platt argues that under 63 O.S.2001, § 2–410, a deferred sentence after a plea of guilty to Possession of CDS does not constitute a "conviction" for the purpose of 21 O.S.Supp. 2005, § 1283.[2] This specific challenge is an issue of first impression in this Court.

¶ 6 We begin by examining the statutes at issue. Title 21, § 1283 establishes that persons who have been "convicted of any felony" cannot possess, or have in their control, dangerous or deadly firearms.[3] Platt maintains that because he was on a deferred sentence on the drug possession offense to which he pled guilty—and he did not have any other prior offenses—he had not been "convicted" of a felony for the purpose of § 1283 at the time he possessed the gun at issue. The question is whether a guilty plea to a drug possession charge, upon which sentencing has been deferred under § 2–410, constitutes a "conviction" under § 1283.

¶ 7 In order to answer this question, we turn to 63 O.S.2001, § 2–410.[4] Section 2–410

---

1. The court ordered that the 90-day sentence would be served in the Canadian County Jail, but also allowed Platt to be released, on a $2,500 Own Recognizance Appellate Bond, on the day that he was sentenced.

2. Platt properly preserved this issue by making the same argument in a Motion to Quash and Set Aside the Information, which was filed in the district court on July 20, 2007.

3. The felony crime at issue is defined as follows:

    Except as provided in subsection B of this section [dealing with pardons of nonviolent felonies], it shall be unlawful for any person

convicted of any felony in any court of this state or of another state or of the United States to have in his or her possession or under his or her immediate control, or in any vehicle which the person is operating, or in which the person is riding as a passenger, or at the residence where the convicted person resides, any pistol, imitation or homemade pistol, machine gun, sawed-off shotgun or rifle, or any other dangerous or deadly firearm.

21 O.S.Supp.2005, § 1283(A).

4. This statute, in its entirety, states as follows:

    Whenever any person who has not previously been convicted of any offense under this act or under any statute of the United States or of

gives district courts the option of deferring sentencing (and the entering of a judgment of guilt) for a defendant who has plead guilty to or been found guilty of Possession of a Controlled Dangerous Substance, under 63 O.S., § 2–402, if the defendant does not have any prior drug-related convictions. If such a defendant successfully completes the terms of his/her probation, throughout the time period during which his/her sentencing is deferred, the Possession of CDS charge against the defendant will be dismissed and the defendant will be discharged. Section 2–410 further states that for such a defendant, "[d]ischarge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction...." Section 2–410 emphasizes the potential significance of a discharge and dismissal after a successfully completed deferred sentence by further stating: "Any expunged arrest or conviction shall not thereafter be regarded as an arrest or conviction for purposes of employment, civil rights, or any statute, regulation, license, questionnaire or any other public or private purpose...."

¶ 8 Thus § 2–410 allows an admission of guilt or finding of guilt to a first-offense of Possession of CDS to be "erased," at least for most purposes, *if* the defendant successfully completes the terms of his/her probation, has the case dismissed, and receives an expungement. On the other hand, § 2–410 concludes by stating as follows: *"provided, that, any such plea of guilty or finding of guilt shall constitute a conviction of the of-fense for the purpose of this act or any other criminal statute under which the existence of a prior conviction is relevant."* [5] This Court finds that this clause, when read in the context of the entire statute, clearly and plainly answers the question at issue in this case.

¶ 9 This Court finds that the subject of this clause, "any such plea of guilty or finding of guilt," refers only to pleas of guilty and findings of guilt in cases where the defendant has *not* yet completed the period of his/her sentencing deferral under § 2–410. As noted above, earlier portions of § 2–410 (both the preceding clause and earlier sentences) had already clearly established that defendants who successfully complete their sentencing deferrals can effectively "erase" their previous arrests, charges, and guilty pleas (or findings of guilt). The potential to erase or "expunge" these events through the successful completion of the deferral period does not, however, determine the legal ramifications of these "events" *during* the period of the sentencing deferral. This Court concludes that the final clause of § 2–410, read in the context of the statute as a whole, directs that during this deferral period "any such plea of guilty of finding of guilt shall constitute a conviction of the offense for the purpose of this act or any other criminal statute under which the existence of a prior conviction is relevant." [6]

¶ 10 Although the statute could have been written more precisely, this Court finds that this final clause does *not* refer to successfully

---

any state relating to narcotic drugs, marihuana, or stimulant, depressant, or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a controlled dangerous substance under Section 2–402, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as it may require including the requirement that such person cooperate in a treatment and rehabilitation program of a state-supported or state-approved facility, if available. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime. Discharge and dismissal under this section may occur only once with respect to any person.

Any expunged arrest or conviction shall not thereafter be regarded as an arrest or conviction for purposes of employment, civil rights, or any statute, regulation, license, questionnaire or any other public or private purpose; provided, that, any such plea of guilty or finding of guilt shall constitute a conviction of the offense for the purpose of this act or any other criminal statute under which the existence of a prior conviction is relevant.

63 O.S.2001, § 2–410. The language of this statute has not changed since its adoption in 1971.

5. *Id.* (emphasis added).

6. *Id.*

completed deferred sentences or to cases where the original charge has been dismissed and the defendant discharged.[7] Rather, it directs and informs defendants who are within the period of a sentencing deferral under § 2–410 that during this time, their earlier plea of guilty or finding of guilt "shall constitute a conviction of the offense for the purpose of ... any [ ] criminal statute under which the existence of a prior conviction is relevant."[8]

¶ 11 The significance of this distinction and its consistency with the language and structure of § 2–410 is apparent in the current case. At the time he possessed the pistol at issue in this case, Platt had not successfully completed the term of his probation; nor had his earlier drug possession charge (to which he pled guilty) been dismissed. Hence the § 2–410 language about a charge that has been "dismissed" or "expunged" under this section not being "deemed" or "regarded" as a "conviction" did not even arguably apply to Platt.

¶ 12 Yet the final clause of § 2–410, about a plea of guilty under this section constituting a "conviction ... for the purpose of ... any [ ] criminal statute under which the existence of a prior conviction is relevant," certainly can properly apply to Platt. The existence of a prior felony conviction is an element of the § 1283 Unlawful Possession of a Firearm offense that Platt was charged with in the current case.[9] And Platt's prior drug possession charge, to which he pled guilty, had not been dismissed or expunged. Hence Platt's guilty plea to possession of methamphetamine, the sentencing upon which had been deferred under § 2–410, did constitute a "conviction" under § 1283, at the time Platt possessed the pistol. Platt was properly charged and convicted of Unlawful Possession of a Firearm under § 1283.

¶ 13 It should be noted that this Court's interpretation of § 2–410 herein negates some of the policy issues raised by the parties to the current case. Platt argues that it would be unfair to interpret the final clause of § 2–410 as applying to the cases of persons who had "completed their deferred and moved on with their life," because "most of these people would have no knowledge that they could not possess a firearm."[10] Yet this Court's interpretation of the statutes at issue herein does not leave open this possibility. For persons who have successfully completed their deferred sentences and had their cases dismissed under § 2–410, their earlier guilty pleas or findings of guilt would *not* constitute prior "convictions" under § 1283.[11]

---

7. This Court recognizes that the distinction between the subject of the final clause of § 2–410 and the subject of the preceding clause would have been more clear if these clauses had been separate sentences, rather than separate clauses separated only by a semi-colon. However, it is not the province or the prerogative of this Court to re-draft statutes or to insist on perfect precision. Reading the final sentence of § 2–410 as this Court does herein is a reasonable interpretation of the language of this sentence, as well as the language and structure of the statute as a whole. It avoids negating the meaning of any other portion of this provision (which would occur if the final provision was read to include even guilty pleas and findings of guilt in cases that had already been dismissed and expunged), recognizes a distinction that fits with the overall structure and purpose of the section (*i.e.*, giving defendants an opportunity to "erase" a first-time drug possession offense, but only if they comply with the terms of their probationary sentencing deferral), and avoids the necessity of resorting to any canons of statutory construction regarding "ambiguous" statutory language.

8. *Id.*

9. *See* note 3 *supra* (quoting 21 O.S.Supp.2005, § 1283(A)).

10. It should be noted that despite his numerous challenges to the legitimacy and fairness of his conviction, Platt nowhere alleges, either at the trial court level or on appeal, that he did not realize that he could not legally possess a firearm during the period of his sentencing deferral. He does not raise any type of notice or due process claim that he was not properly informed, at the time he pled guilty, that he could not lawfully possess a firearm. (Although Platt does raise some arguments based loosely upon the Second Amendment "right to bear arms," it is unnecessary to address these claims within the narrow context of the statutory-interpretation case at issue.)

11. Hence this Court rejects the State's assertion, made in a, that "it appears the only way for one in defendant's position to be able to possess a firearm **after** successful completion of a deferred sentence under the Uniform Controlled Dangerous Subs̀tances Act is to receive a governor's pardon" (emphasis in original, citation omitted).

¶ 14 The interpretation of § 2–410 articulated herein also avoids the necessity of resolving any "contradictions" within this provision, which this Court has sometimes alluded to in earlier cases. Such contradictions can arise if the final clause of § 2–410 is interpreted as referring not only to defendants who are still within a sentencing deferral period, but also to defendants who have already successfully completed a sentencing deferral under § 2–410. In *State ex rel. Macy v. Owens,*[12] this Court acknowledged the "twisted contradictions" that arise when § 2–410 is read in this manner, as proposed by the State in that case.[13] In *May v. State,*[14] this Court reviewed and upheld the decision in *Macy v. Owens,* noting that it resolved any "apparent" contradictions created by the language of § 2–410.[15] These cases neither determine nor conflict with this Court's conclusion in the current case.[16] This Court's conclusion is likewise consistent with *Gonseth v. State,*[17] in which we recognized that although the word "conviction" normally and in the "strict legal sense" refers to "a final judgment of the court," the term can also be used "in its ordinary sense ... to designate that particular state of a criminal prosecution[ ] when a plea of guilty is entered in open court, or a verdict of guilty is returned by a jury."[18]

¶ 15 For the reasons articulated herein, Platt was appropriately charged and convicted of Unlawful Possession of a Firearm, under 21 O.S.Supp.2005, § 1283, because he had not yet successfully completed the term of his deferred sentence under 63 O.S.2001, § 2–410. After thoroughly considering the entire record before us on appeal, including the original record, transcripts, briefs, and exhibits of the parties, we find that neither reversal nor modification is required.

### Decision

¶ 16 The Judgment and Sentence in this case is hereby **AFFIRMED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2008), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

C. JOHNSON, V.P.J., A. JOHNSON, and LEWIS, JJ., concur.

LUMPKIN, P.J., concur in results.

LUMPKIN, Presiding Judge, concur in results.

¶ 1 I concur in the results reached by the Court in this case, however I do not agree with the Court's interpretation of 63 O.S. 2001, § 2–410.

¶ 2 I cannot find any basis to limit the application of the "provided, that ..." at the end of the statute to only that period during which the deferred sentence is in effect. It appears the Court has overlooked the Legis-

---

**12.** 1985 OK CR 166, 717 P.2d 1141.

**13.** *Id.* at ¶ 4, 717 P.2d at 1142 (quoting *Hefner v. State,* 1975 OK CR 215, 542 P.2d 527, 532 (Brett, J., dissenting)). We concluded, however, that "it is apparent to this Court that the Legislature intended to render ineligible for a suspended sentence any person who had previously received a deferred sentence for a drug offense." *Id.* at ¶ 5, 717 P.2d at 1142. This conclusion is consistent with the language of § 2–410, which specifically states that "[d]ischarge and dismissal under this section may occur only once with respect to any person," 63 O.S.2001, § 2–410, and Oklahoma's drug sentencing scheme as a whole. *See, e.g.,* 63 O.S.1981, § 2–401(B)(1) ("Such sentence shall not be subject to statutory provisions for suspended sentences, deferred sentences or probation except where the conviction is for a first offense.") Hence the *Macy v. Owens* Court reasonably concluded that "the Legislature intended to disentitle a person who previously pled guilty [to] a drug related offense from being eligible for a suspended sentence, regardless of whether the judgment and sentence was deferred." 1985 OK CR 166, ¶ 6, 717 P.2d at 1143.

**14.** 1990 OK CR 14, 788 P.2d 408.

**15.** *Id.* at ¶ 5, 788 P.2d at 411 ("*Macy v. Owens* appropriately resolved any *apparent* contradictions between the provisions of Sections 2–401, 2–410 and 2–412, thereby giving force and effect to the intent of the Legislature that repeat drug offenders should be subjected to increasingly harsh sentences.") (emphasis added).

**16.** *But cf. Hefner,* 1975 OK CR 215, 542 P.2d 527, 532 (implicitly, though not explicitly, concluding that final clause of § 2–410 applies to cases that have been dismissed and expunged).

**17.** 1994 OK CR 9, 871 P.2d 51.

**18.** *Id.* at ¶ 9, 871 P.2d at 54.

lative intent consistently expressed in the statutory language. The Legislature clearly wants to give true first time offenders a chance at probation that will not affect their future job opportunities but will allow them to be treated as a subsequent offender if they commit a future crime.

¶ 3 This intent can be found in the choice of words used in the statute. First, the language provides

discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of this section or for purposes of *disqualification or disabilities imposed by law* upon conviction of a crime.

However, the statute then says that a "discharge and dismissal under this section may occur only once with respect to any person." So, the Legislature is making it clear this is a one time opportunity for an individual to clean up their act.

¶ 4 The Legislature then proceeds to amplify what it means regarding use of the plea for *"disqualifications or disabilities imposed by law"*. It specifically states:

Any expunged arrest or conviction shall not therefore be regarded as an arrest or conviction for purposes of employment, civil rights, or any statute, regulation, license, questionnaire or any other public or private purpose;

In other words, there is a limitation to which the protection from a prior plea and deferment applies. The operative language follows immediately

provided, that any such plea of guilty or finding of guilt *shall* constitute a conviction of the offense for the purpose of this act or any other criminal statute under which the existence of a prior conviction is relevant.

The intent is clear, a defendant can receive one deferred sentence for a drug offense and it will not impact that person's ability to get a job, license, or even answer a questionnaire, but if that person commits another crime, they can be treated as a subsequent offender. The statute reflects the classic carrot and stick approach of providing an opportunity and inducement to become a productive, law abiding citizen, but if that op-

portunity is not taken then punishment can follow. The statute does not provide any limitation of time to which this provision applies. This "provided, that," focuses on the plea of guilty or the finding of guilt as the acts that are treated as the prior conviction and it appears that even an order of expungement does not preclude the plea or finding to be used as a prior conviction. The only limitation would appear to be in the provisions of 12 O.S.2001, § 2609, and 21 O.S.Supp.2007, § 51.1(A), that limits use of prior convictions to those occurring within the last ten (10) years, or ten (10) years from the completion of a sentence.

¶ 5 I agree with the Court's finding that Appellant is guilty of the offense charged. I do not agree with the time restrictions the Court seeks to legislate into the application of this statute.

¶ 6 There is one possible conflict in the statute, but it does not affect the decision in this case. That conflict comes about at the last of the first paragraph when the language first says the discharge and dismissal under this section "shall not be deemed a conviction for purposes of this section" and then turns around in the next sentence and says "discharge and dismissal under this section may occur only once with respect to any person." The question of whether a person is eligible to receive more than one deferral of sentence in a drug case is not at issue in this case and we leave that question to another day.