FILED
United States Court of Appeals
Tenth Circuit

September 2, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JEREMY LEE HUTCHINSON,

Defendant-Appellant.

No. 10-6248

W.D. of Okla.

(D.C. No. 5:09-CR-00298-D-1)

---

ORDER AND JUDGMENT[*]

---

Before **MURPHY**, **BRORBY**, and **TYMKOVICH**, Circuit Judges.

---

Jeremy Hutchinson was convicted of felon-in-possession charges under 18 U.S.C. § 922(g)(1). For the conviction to stand, the government must prove a prior predicate state or federal felony conviction. Although he had previously pleaded guilty to three state felony drug charges in Oklahoma, Hutchinson claimed that since he received deferred sentences rather than jail time for the guilty pleas, they do not count as felony convictions for purposes of § 922. Accordingly, before trial he moved to dismiss the charges on the theory that the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

government could not prove the predicate felony. Because Hutchinson's deferral is controlled by 63 OKL. ST. ANN. § 2-410, which provides that a deferred sentence is a conviction for purposes of criminal statutes, his argument lacks merit.

Exercising jurisdiction under 28 U.S.C. § 1291, we therefore AFFIRM the district court's order.

## I. Background

Hutchinson pleaded guilty to three felonies in Oklahoma state court: (1) possession of methamphetamine, (2) possession of marijuana with intent to distribute, and (3) possession of a controlled substance without a tax stamp (a tax evasion charge). Rather than enter a judgment of guilt, the court gave Hutchinson a deferred sentence of five years for each count, to run consecutively.

A deferred sentence under Oklahoma law allows the sentencing court to defer final sentencing and entry of judgment while the defendant undergoes a probationary period. *Platt v. State*, 188 P.3d 196, 197–98 (Okla. Crim. App. 2008). If the defendant successfully completes probation, the charges are dismissed, and the court never makes a formal finding of guilt. *Id.* If, however, the defendant violates the terms of the probation, the court "accelerates" the deferral and enters a final judgment holding the defendant guilty. *Id.*

In 2009, Hutchinson was charged by a federal grand jury with, among other counts, possession of a firearm after having previously been convicted of a

felony, in violation of 18 U.S.C. § 922(g)(1). Hutchinson sought an order to dismiss the felon-in-possession charge on the theory that the government could not show he had an applicable prior felony. He argued that none of the deferred sentences he received in state court qualified as convictions.

The district court rejected this argument, holding that two of the three state court guilty pleas resulted in a conviction for purposes of § 922(g)(1). Following the court's denial of his motion to dismiss, Hutchinson entered a conditional plea of guilty to the felon-in-possession charge, but he reserved the right to challenge the court's order on appeal.

Hutchinson received a federal sentence of 6 months' imprisonment for the felon-in-possession charge, and a consecutive sentence of 60 months for possessing a firearm in furtherance of a drug-trafficking crime—resulting in a total sentence of 66 months. This sentence is separate from Hutchinson's deferred state sentences.

## II. Discussion

Hutchinson challenges the denial of his motion to dismiss the felon-in-possession charge. We review the denial of a pretrial motion to dismiss de novo. *United States v. Barrett*, 496 F.3d 1079, 1117 (10th Cir. 2007). We review any underlying factual determinations for clear error. *United States v. Cordoba*, 71 F.3d 1543, 1545 (10th Cir. 1995).

Hutchinson renews his claim that his state court deferred sentences are not convictions for the purposes of the § 922(g)(1).

The question of what constitutes a conviction within the meaning of § 922(g)(1) is controlled by the law of Oklahoma. 18 U.S.C. § 921(a)(20). Under Oklahoma law, there are two provisions for sentence deferral. The first, 22 OKL. ST. ANN. § 991c, was adopted in 1970. This statute grants a sentencing court discretion to defer the sentence of any first-time criminal offender, with the exception of sex offenders. Upon successful completion of the probationary period, the offender's record is expunged.

A second provision, 63 OKL. ST. ANN. § 2-410,[1] passed in 1971, is a more specific deferral provision. It is available only to first-time offenders who "[pleaded] guilty to or [were] found guilty of possession of a controlled substance . . . ." Upon successful completion of the probationary period, these offenders also receive an expunged record, with the additional benefit that "[a]ny expunged arrest or conviction shall not thereafter be regarded as an arrest or conviction for purposes of employment, civil rights, or any statute, regulation, license, questionnaire or any other public or private purpose." § 2-410.

Section 2-410 also differs from § 991c in another important respect: it creates an exception to the guarantee of expungement. This exception states that

---

[1] Both parties agree the relevant statute is the 2007 version of § 2-410, which was in place at the time Hutchinson was sentenced. The current iteration of this statute was adopted in 2010.

a guilty plea "*shall constitute a conviction of the offense for the purpose of this act or any other criminal statute under which the existence of a prior conviction is relevant.*" *Id.* The policy behind § 2-410 creates incentives for meeting the terms of probation:

> The intent is clear, a defendant can receive one deferred sentence for a drug offense and it will not impact that person's ability to get a job, license, or even answer a questionnaire, but if that person commits another crime, they can be treated as a subsequent offender. The statute reflects the classic carrot and stick approach of providing an opportunity and inducement to become a productive, law abiding citizen, but if that opportunity is not taken then punishment can follow.

*Platt,* 188 P.3d at 201 (Lumpkin, J., concurring). Thus, under Oklahoma law a deferred sentence pursuant to § 2-410 constitutes a conviction if a subsequent conviction occurs during the probationary period. *Id.* at 199 (finding the defendant was properly found guilty of being a felon in possession based on a deferred sentence under § 2-410). But Oklahoma law is equally clear that a deferred sentence under § 991c does not operate as a conviction. *See United States v. Stober*, 604 F.2d 1274 (10th Cir. 1979).

Hutchinson concedes that at least one of the state charges to which he pleaded guilty in 2007, possession of methamphetamine, was eligible for deferral under § 2-410.[2] He also acknowledges that his probationary period was not

---

[2] The parties agree that the third count, possession of a controlled substance without a tax stamp, is ineligible, as it is essentially a tax violation. But they dispute whether the second count, possession of marijuana with intent to
(continued...)

complete at the time of the federal indictment. Thus, the sole question before us is whether Hutchinson's deferred sentence for the possession count took place under § 2-410 or § 991c. If we find the deferral was under § 2-410, Hutchinson has at least one prior conviction to support the federal charge for being a felon in possession of a firearm.

Hutchinson contends § 2-410 is unclear as to whether it applies as a matter of law to first-time drug offenders, or whether the sentencing court has discretion to impose a deferred sentence under either § 2-410 or the more general statute, § 991c. Because of this alleged ambiguity, and because it is not clear whether the Oklahoma court intended the sentence to fall under § 2-410 or § 991c, Hutchinson argues the rule of lenity dictates that we assume the sentence was deferred under § 991c.

---

[2](...continued)
distribute, comes within the purview of § 2-410. The language of § 2-410 gives some support to Hutchinson's position that it does not; by its own terms, § 2-410 applies to first-time drug offenders who "plead[] guilty to or [are] found guilty of possession of a controlled dangerous substance under Section 2-402." 63 OKL. ST. ANN. § 2-410. But this argument appears to be foreclosed by a decision by the Oklahoma Court of Criminal Appeals. In *Watts v. State*, 194 P.3d 133, 135–36 (Okla. Crim. App. 2008), the defendant argued that his prior deferred sentence for possession of marijuana with intent to distribute did not constitute a conviction. The court denied this claim, stating that "[§ 2-410] provides a sentencing deferment procedure for first-time drug offenders," and that the defendant's "guilty plea in [the] prior case is a 'conviction' according to the language of section 2-410." *Id.* at 135. Although the court in *Watts* did not explain its conclusion that § 2-410 applied, the court found possession with the intent to distribute to fall within the statute's ambit. However, because Hutchinson admits that at least one count, possession of methamphetamine, is eligible for deferral under § 2-410, we need not resolve this issue.

Because we conclude § 2-410 unambiguously controls Hutchinson's deferred sentence for the possession charge, we cannot agree, and this argument must fail.

First, the plain language of § 2-410 suggests that it applies automatically to deferrals for first-time drug offenders. The provision states, in relevant part:

> *Whenever any person who has not previously been convicted of any offense under this act* . . . pleads guilty to or is found guilty of possession of a controlled dangerous substance under Section 2-402, *the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings* and place him on probation upon such reasonable terms and conditions as it may require . . . .

§ 2-410 (emphasis added). The provision then goes on to list potentially appropriate conditions of probation, restrictions on the use of the deferral, and the conditions for record expungement. The term "whenever" means "at any or all times" or "in any or every instance." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, UNABRIDGED 2600 (2002). The use of this term indicates that the provision always applies to the specified offenders, regardless of whether the court chooses to exercise the discretion granted to defer the sentence or not.

Principles of statutory construction lend support to this reading. "It is a familiar rule of statutory interpretation that a specific provision will govern notwithstanding the fact that a general provision, standing alone, may include the same subject matter." *United States v. Prescon Corp.*, 695 F.2d 1236, 1243 (10th Cir. 1982); *see also King v. State*, 182 P.3d 842, 844 (Okla. Crim. App. 2008) ("If

the Legislature designs a statute for a specific situation, we should give effect to that intent."). It is undisputed that § 2-410 is a more specific statute than § 991c. Section 991c, passed first, applies to all first-time offenders, and § 2-410 applies only to a narrower subset of first-time drug offenders.

This conclusion is also buttressed by the fact that no Oklahoma case turns on the question of which deferral statute applies. Every case examining the question has applied § 2-410 in drug cases to which it applies, without requiring special notation by the sentencing court. *See, e.g., Platt*, 188 P.3d 196; *Watts v. State*, 194 P.3d 133 (Okla. Crim. App. 2008); *Hefner v. State*, 542 P.2d 527, 531 (Okla. Crim. App. 1975) (suggesting that the deferred sentence for possession would necessarily occur under § 2-410 if that deferral took place after the provision was enacted).

Hutchinson argues unpersuasively that "it makes no sense" that he could have received a deferred sentence under § 2-410 for some counts and § 991c for others. Aplt. Reply Br. at 14. But it appears the precise intent of the statutory scheme was that the specified drug violations are treated differently. There is nothing irrational in its decision to single out a particular category of offense, especially drug possession, for special treatment.[3]

---

[3] Even if the statute were less clear, Hutchinson still could not prevail. Given Hutchinson's theory on appeal—that the government needed to prove whether the state court employed § 2-410 or § 991c—a fact question existed as to which applied. Under *United States v. Pope*, 613 F.3d 1255 (10th Cir. 2010), a
(continued...)

Because we do not find the relevant statute ambiguous, we need not reach Hutchinson's argument regarding the rule of lenity.  *See United States v. Metzener*, 584 F.3d 928, 934–35 (10th Cir. 2009) (explaining the rule of lenity instructs courts to interpret ambiguous criminal statutes in favor of defendants).

### III.  Conclusion

Since we conclude Hutchinson received a deferred sentence for possession of methamphetamine under § 2-410, we find no error in the district court's refusal to dismiss his felon-in-possession charge.  We therefore AFFIRM the order of the district court.  We deny the government's motion to certify a question to the Oklahoma Court of Criminal Appeals.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

---

[3](...continued)
motion to dismiss the indictment should be denied if a fact question remains for trial.