FILED
United States Court of Appeals
Tenth Circuit

December 23, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DAVID D. HAMPTON,

        Petitioner-Appellant,

v.

JUSTIN JONES, Director,

        Respondent-Appellee.

No. 11-6217

(D.C. No. 5:10-CV-00362-R)
(W. D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

David D. Hampton, an Oklahoma state prisoner appearing pro se, seeks a

certificate of appealability (COA) in order to challenge the district court's denial of his 28

U.S.C. § 2254 application for federal habeas relief.  Because Hampton has failed to

satisfy the standards for the issuance of a COA, we deny his request and dismiss the

matter.

I

In 2007, Hampton was convicted in the District Court of Oklahoma County,

following a jury trial, of six offenses: Count I, trafficking in illegal drugs (cocaine base),

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

in violation of Okla. Stat. tit. 63, § 2-415; Count II, trafficking in illegal drugs (cocaine salt) with intent to manufacture, in violation of Okla. Stat. tit. 63, § 2-415; Count III, possession of proceeds derived from a violation of the Uniform Controlled Dangerous Substance Act, in violation of Okla. Stat. tit. 63, § 2-503.1; Count IV, possession of a controlled dangerous substance (marijuana) in the presence of a child under twelve years of age, in violation of Okla. Stat. tit. 63, § 2-402(C); Count V, possession of a firearm while committing a felony, in violation of Okla. Stat. tit. 21, § 1287; and Count VI, maintaining a dwelling house where a controlled dangerous substance (cocaine) is kept, in violation of Okla. Stat. tit. 63, § 2-404. In the sentencing stage of the trial proceedings, the prosecution introduced evidence that Hampton had previously received a deferred sentence for an Oklahoma state drug conviction. Based upon this evidence, the jury found that all of the counts of conviction, with the exception of Count V, occurred after former conviction of a felony. On the jury's recommendation, the state trial court ultimately sentenced Hampton to the following terms of imprisonment: 35 years on Count I; 25 years on Count II; 15 years on Count III; 3 years on Count IV; 10 years on Count V; and 10 years on Count VI. With the exception of Count IV, the trial court ordered all of the sentences to run concurrently, resulting in a total of 38 years' imprisonment.

Hampton filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA). The OCCA affirmed Hampton's convictions and sentences. Hampton then filed an application for post-conviction relief in the District Court of Oklahoma County. That court denied Hampton's application. Hampton again appealed to the OCCA. The

OCCA affirmed the state district court's denial of post-conviction relief.

Hampton initiated this action on April 9, 2010, by filing a pro se petition for writ of habeas corpus. The petition asserted eight grounds for relief: (1) Hampton's convictions for trafficking in illegal drugs (Count I) and trafficking in illegal drugs by possession with intent to manufacture (Count II) violated Hampton's double jeopardy rights; (2) the state trial court erred by failing to instruct the jury as to character witness testimony and by admonishing the jury to disregard testimony regarding Hampton's reputation for truthfulness; (3) the state trial court gave an improper jury instruction regarding Count II; (4) the evidence presented at trial was insufficient to support any of the convictions; (5) Hampton's appellate counsel was ineffective for failing to raise on direct appeal issues of ineffective assistance of trial counsel; (6) Hampton's trial counsel was ineffective for failing to object to prosecutorial misconduct during closing argument; (7) Hampton's trial counsel was ineffective for failing to object to jury instructions which indicated that Hampton's earlier deferred sentence could be used to enhance the sentences under consideration by the jury; and (8) Hampton's trial counsel was ineffective for failing to investigate Hampton's prior deferred sentence and object to its admission into evidence during the second-stage proceedings for purposes of sentence enhancement.

On August 30, 2010, the magistrate judge assigned to the case issued a 26-page report and recommendation recommending that the petition be denied as to Grounds 1, 2, 3, 4, 5 (in part), and 6, and that consideration of Grounds 5 (in part), 7 and 8 be deferred pending supplementation of the record and further briefing. In turn, the magistrate judge

directed respondent to supplement the record with all transcripts and other records from the state court proceeding pertinent to Grounds 5, 7 and 8, and "to respond to the merits of those claims." ROA, Vol. 1, Part 2 at 357.

On September 21, 2010, the district court issued an order adopting the magistrate judge's report and recommendation in its entirety. The district court then "re-referred" the matter to the magistrate judge "for additional proceedings." Id. at 356.

On May 27, 2011, the magistrate judge, having reviewed the supplemental record and briefing supplied by respondent, issued a supplemental report and recommendation recommending that Grounds 5, 7 and 8 of the habeas petition be denied. On July 18, 2011, the district court issued an order adopting the magistrate judge's supplemental report and recommendation in its entirety. In that same order, the district court concluded that Hampton had failed to make a substantial showing of the denial of a constitutional right, and consequently concluded that Hampton was not entitled to a COA. Judgment was entered in the case on that same day.

Hampton filed a timely notice of appeal. He has since filed a combined opening brief and application for COA.

## II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a

4

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

We have carefully reviewed the record on appeal, including the magistrate judge's initial and supplemental reports, and the district court's orders adopting those reports, and are unable to conclude that reasonable jurists would find any of the district court's determinations debatable or wrong. Indeed, as we shall describe in brief below, we conclude that the district court properly rejected each of the claims asserted by Hampton in his petition:

1) Double Jeopardy violation. In disposing of Hampton's direct appeal, the OCCA concluded that "Count I and Count II each ha[d] elements that the other d[id] not," and that, consequently, "prosecution for both d[id] not violate the Double Jeopardy provision in either the State of Federal Constitution." ROA, Vol. 1, Part 1 at 150. We fully agree with the district court that the OCCA's conclusion in this regard was not contrary to clearly established federal law.

2) Trial court's rulings on character witness and evidence. On direct appeal, the OCCA concluded that the state trial court had erred in excluding the testimony of the character witness proffered by Hampton. But the OCCA in turn concluded that this error

5

was harmless.  Id. at 152.  The district court in this case concluded that Hampton had failed to establish that the trial court's error had a substantial and injurious effect or influence in determining the jury's verdict.  Id., Vol. 1, Part 2 at 353 (citing Fry v. Pliler, 551 U.S. 112, 116-20 (2007)).  Hampton does not directly refute this conclusion on appeal, and our review of the record does not persuade us that the district court's conclusion was subject to debate.

3) Improper jury instruction as to Count II.  Hampton argued, both on direct appeal and in his federal habeas petition, that the state trial court erred in instructing the jury as to Count II by failing to specify the amount of controlled dangerous substance required to meet the necessary trafficking weight under Oklahoma law.  The OCCA rejected the claim, noting that the parties stipulated at trial, and the state trial court in turn informed the jury, that Count II involved 330 grams of cocaine salt and 55 grams of cocaine base, amounts more than sufficient to satisfy the trafficking statute under which Hampton was charged.  Id., Vol. 1, Part 1 at 152-53.  The district court in this case, addressing the same claim, concluded that Hampton had failed to establish any due process violation arising out of the trial court's purported error.  We conclude that reasonable jurists could not debate the district court's conclusion on this point.

4) Sufficiency of the evidence.  On direct appeal, the OCCA concluded that, "[v]iewing the evidence in the light most favorable to the State, [and] accepting all reasonable inferences and credibility choices that tend to support the jury's verdict, any rational trier of fact could have found the essential elements of all the crimes charged"

6

against Hampton.  Id. at 153 (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  The district court in this case concluded that Hampton "ha[d] not shown in either his original filings or his objection to the Report and Recommendation that the [OCCA's] decision was an unreasonable application of Jackson."  Id., Vol. 1, Part 2 at 355.  Nothing in Hampton's appellate pleadings or the record on appeal persuades us that reasonable jurists could differ as to the resolution of this claim.

5) Ineffective assistance of appellate counsel.  Hampton alleged in his habeas petition that his appellate counsel was ineffective for failing to raise on direct appeal three distinct claims of ineffective assistance of trial counsel (the same ineffective assistance of trial counsel claims that Hampton ultimately raised in Grounds 6 through 8 of his federal habeas petition).  The OCCA addressed this claim in affirming the state trial court's denial of Hampton's application for state post-conviction relief.  Citing Strickland v. Washington, 466 U.S. 688, 689 (1984), the OCCA stated: "There is nothing in the appeal record presented to this Court indicating that [Hampton's] representation, at trial or on direct appeal[,] was deficient, or that the result in his case would have been different but for appellate counsel's alleged ineffective assistance."  ROA, Vol. 1, Part 1 at 232.  The district court in this case, in its two orders affirming the magistrate judge's original and supplemental reports, concluded that the OCCA's resolution of the ineffective assistance of appellate counsel claim was neither contrary to, nor an unreasonable application of, Strickland.  In doing so, the district court concluded that the three underlying claims of ineffective assistance of trial counsel were meritless.  As we shall describe in more detail

7

below, we conclude that reasonable jurists could not debate whether the underlying claims lacked merit. We thus conclude that reasonable jurists likewise could not debate whether the district court properly rejected Hampton's ineffective assistance of appellate counsel claim.

6) Trial counsel's failure to object to prosecutorial misconduct. Hampton claimed, both in his application for state post-conviction relief and in his federal habeas petition, that his trial counsel was ineffective for failing to object to a statement by the prosecutor during closing argument that referenced the death of an eight-month-old child. The district court in this case noted that the state trial court *sua sponte* admonished the prosecutor for the remark and instructed the jury to disregard it. Consequently, the district court concluded it was unnecessary for Hampton's trial counsel to take any further action, and Hampton could not establish that, even if counsel had voiced an objection, there was a reasonable probability that the results of the proceedings would have been different. We agree, and thus conclude that reasonable jurists could not debate whether the district court properly rejected this claim.

7) Trial counsel's failure to object to the trial court's second-stage instructions regarding the consequences of a deferred sentence. Hampton alleged, both in his application for state post-conviction relief and in his federal habeas petition, that his trial counsel was ineffective for failing to object to the state trial court's second-stage instruction informing the jury that they could consider, for purposes of sentencing enhancement, a deferred sentence that Hampton had received in connection with a prior

8

drug crime. In support, Hampton cited to Okla. Stat. tit. 63, § 2-410. That statute provided that first-time drug offenders could be eligible for deferred sentences, and it contained language addressing the impact of such deferred sentences in subsequent criminal proceedings. During the pendency of Hampton's direct appeal, the OCCA issued a decision in Platt v. State, 188 P.3d 196, 197 (Okla. Crim. App. 2008), addressing, as "an issue of first impression," the proper interpretation of § 2-410. The OCCA concluded, in pertinent part, that § 2-410 prohibited "successfully completed . . . deferred sentences" from being used in subsequent criminal proceedings for purposes of sentence enhancement. Id. at 199. In light of Platt, it is now undisputed that Hampton's prior deferred sentence, which he successfully completed, should not have been used to enhance his sentences in his 2007 criminal proceedings.

But, notwithstanding, the OCCA concluded that Hampton's trial counsel was not ineffective for failing to raise this issue at trial. And the district court in this case in turn concluded that the OCCA's decision on this point was neither contrary to, nor an unreasonable application of, the principles outlined in Strickland. In reaching this conclusion, the district court noted that at the time of Hampton's 2007 trial, "no decision of the OCCA addressed the proper interpretation of § 2-410 as applied to the circumstances of [Hampton's] case." ROA, Vol. 1, Part 2 at 441. The district court also noted "the less-than[-]clear wording of § 2-410," id. at 453, and the fact that the state trial court, the prosecutor, and Hampton's trial counsel all shared the view that § 2-410 allowed a jury to consider a successfully completed deferred sentence. Ultimately, the

9

district court concluded "that [Hampton] had failed to establish that trial counsel was unconstitutionally ineffective for failing to challenge the use of his completed deferred sentence to enhance [his 2007] sentence[s]." Id.

We conclude that reasonable jurists could not debate whether the district court properly resolved this claim. As the Supreme Court recently cautioned, "[f]ederal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington v. Richter, 131 S. Ct. 770, 788 (2011). Where, as here, "§ 2254(d) applies, the question is not whether counsel's actions were reasonable," but rather "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. And on that narrow question, we agree with the district court that the "lack of clarity of [Oklahoma] law" at the time of Hampton's trial is critical in assessing whether Hampton's trial counsel was ineffective for failing to challenge the state trial court's instruction on the use of Hampton's deferred sentence. Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999). Although "[i]gnorance of well-defined legal principles is nearly inexcusable," "the rule that an attorney is not liable for an error of judgment on an unsettled proposition of law is universally recognized."[1]

---

[1] We also note, as did respondents below, that the use of Hampton's completed deferred sentence had the effect only of increasing the statutory minimum sentences that could be imposed by the jury for the counts at issue. Because the sentences actually imposed by the jury in each instance substantially exceeded those increased statutory minimum sentences, Hampton's task of establishing that he was prejudiced by his trial counsel's failure to object to the state trial court's instruction is made more difficult. See Harrington, 131 S. Ct. at 787-88 (emphasizing that "[c]ounsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable") (internal quotation marks omitted).

10

Id. (internal quotation marks omitted); see Hickman v. Spears, 160 F.3d 1269, 1273 (10th Cir. 1998) (concluding, based upon the lack of legal authority at the time of petitioner's trial, that trial counsel was not ineffective for failing to assert a novel issue of law); Nelson v. Estelle, 642 F.2d 903, 908 (5th Cir. 1981) ("[C]ounsel is normally not expected to foresee future new developments in the law.").

8) <u>Trial counsel's failure to object to admission of evidence of Hampton's prior deferred sentence</u>. In the eighth and final claim in his habeas petition, Hampton alleged that his trial counsel was ineffective for failing to object, during the second-stage trial proceedings, to the admission of evidence regarding his prior deferred sentence. For the reasons already discussed, we conclude that reasonable jurists could not debate whether the district court erred in rejecting this claim as a basis for federal habeas relief.

The application for COA is DENIED and the matter is DISMISSED. Appellant's motion to proceed informa pauperis is GRANTED.

Entered for the Court

Mary Beck Briscoe
Chief Judge